# Washington v. The State.

## Robbery.

(Decided June 30, 1914. Rehearing denied July 25, 1915. 66 South. 34.)

1. *Appeal and Error; Record; Review.*—Where no questions were raised on the trial as to the power of the court to try the case at that time, or of the legal organization of the grand jury that returned the indictment, the failure of the transcript on appeal to show the organization of the grand jury finding the indictment and the organization of the court at the trial term, was immaterial under the Supreme Court rules.

2. *Same; Defective Record; Dismissal.*—Where, on appeal the record is defective for a failure to show the organization of the court at the trial term, and the organization of the grand jury returning the indictment, the result would be the dismissal of the appeal and not a reversal.

3. *Jury; Special Venire; Waiver.*—A defendant may waive a special venire in a capital case under the provisions of section 7264, Code 1907.

4. *Same; Empanelling; Waiver.*—The Acts of 1909, p. 305, do not effect or repeal the subject of waiver by a defendant in a capital case of a special venire as authorized by section 7264, Code 1907.

5. *Witnesses; Cross-Examination; Extent.*—Where the prosecutor testified that as he was driving in a wagon along a road the defendant and five other negroes, masked, and with weapons and threats, forced him to deliver up his money, the question on cross-examination: "Don't you know that in a case like that if none of them had masks on their faces, it is hard to identify anybody?" was properly excluded as being argumentative as to the identification testified to.

6. *Evidence; Admissibility.*—The fact that defendant had been arrested by C. and been turned loose prior to his arrest by the witness, the witness stating that defendant stated that he had been previously arrested by M. but turned loose, was immaterial and properly excluded.

7. *Trial; Objections to Evidence; Necessity.*—Where defendant made no objection to evidence of the res gestæ of the offense of rob-

[Washington v. The State.]

bery against another, he could not complain of its admission on appeal.

8. *Robbery; Evidence.*—Where a prosecutor testified that when within about three quarters of a mile of town he was robbed by defendant and five other negroes, it is competent for a witness to testify that he had seen defendant in town about two hours before the commission of the offense and that he was with a crowd at that time.

9. *Same.*—Where it was shown that the robbery was committed while it was raining, it was competent to show by a witness that he saw defendant about three hours after the robbery, and that his clothes were wet and his shoes muddy.

10. *Same.*—Where defendant had had ample time and opportunity since the crime and before his arrest to dispose of the gun and money, it was proper to exclude evidence that when defendant was arrested neither a gun nor money was on his person.

APPEAL from Greene Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Eugene Washington was convicted of robbery, and he appeals. Affirmed.

The transcript shows that the case of the state of Alabama against Eugene Washington was tried at a regular term of the circuit court of Greene county, begun and held on September 22, 1913, it being the time and place fixed by law for holding such court. Following this are the affidavits and warrants, and the judgment on the preliminary trial, and the indictment found and returned into court March 27, 1913. Then follows the special waiver and the judgment of the court, and then the bill of exceptions.

WRIGHT & FITE, for appellant. Defendant was entitled on cross-examination to test the power of the witness to identify defendant under the circumstances. The court was in error in permitting defendant to waive a special venire in this case.—*Howard v. State*, 160 Ala. 6; *Bankhead v. State*, 124 Ala. 14. The provisions of section 7264, Code 1907, have been repealed by the provisions of Acts 1909, p. 305, and that now is the exclu-

sive law as to juries and jurors in this state. The record does not affirmatively disclose the presence of defendant when the verdict was rendered.—*State v. Hughes,* 2 Ala. 102; *Eliza v. State,* 39 Ala. 693; *Waller v. State,* 40 Ala. 325.

R. C. BRICKELL, Attorney General and T. H. SEAY, Assistant Attorney General, for the State.

SAYRE, J.—The rules adopted by this court June 23, 1913, dispose of defendant's objections that the transcript fails to show the organizaton of the court at the trial term and the organization of the grand jury by which the indictment was found, no question as to the power of the court to try this case at the term or time having been raised, nor any as to the lawful organization of the grand jury.—Supreme Court rules, 175 Ala. xviii, 57 South. vi, 61 South. vii. And if the record were defective in this respect the result would be that defendant's appeal would be dismissed.

Defendant filed a paper writing, whereby he waived "the summoning and impaneling of a special jury" to try his case, and also the service of a copy of the indictment upon him. We will not be expected to devote much argument to a demonstration of the proposition that the waiver of a special venire was a waiver of the right of a venire and of the service of a copy of a venire which was not called into existence by an order of the court, for the reason that the thing itself had been duly waived as the statute provided it might be.

There is no reason, constitutional or other, why a defendant in a capital case may not waive a special venire. Section 7264 of the Code of 1907 so provides. The act of August 31, 1909, entitled "An act 'to prescribe the qualifications of jurors and regulate the selection, drawing and summoning of jurors, and prescribe the qualifi-

cations and provide for the appointment of jury commissioners and clerks of such commissions and regulate the impaneling of grand and petit juries, in all the courts of this state' " (Acts, Sp. Sess., 305, et seq.) and providing that "all laws, general, special or local, regulating the selection, drawing, summoning or impaneling of grand or petit juries, or prescribing the qualifications of jurors, or defining who are exempt from jury service, or exempting certain persons or classes of persons from service upon juries, are hereby expressly repealed, it being the intent of the Legislature, that, this act shall be the exclusive law on such subjects, in all the courts of the state of Alabama" (section 32), did not affect the subject of the waiver authorized by section 7264 of the Code, as it did not touch a number of other sections which relate to the conduct of jury trials. This was held in *McSwean v. State,* 175 Ala. 21, 57 South. 732.

The prosecuting witness, Woodie Murphy, testified that as he was driving a wagon along the road about three-quarters of a mile from Eutaw, defendant and five other negroes, masked and with weapons and threats, required him to deliver up money he had on his person.

Defendant reserved exception to the action of the court in sustaining an objection to the following question: "Don't you know that in a case like that if none of them have masks on their faces it is hard to identify anybody?" This was nothing more than an argument that because of excitement, which the witness admitted, or for other reason, the witness' identification of defendant was of little evidential value, and should have been addressed in argument to the jury. It was entirely proper that the witness be not required to admit or deny the force of the argument against the weight of his testimony.

The witness, Elam Smith, testified that he had seen defendant in Eutaw about two hours before the commission of the offense charged. There was no error in allowing this witness to state further that defendant was at the time with a crowd of boys. This last circumstance, if not of much evidential value one way or the other, was not, so far as we are able to see, prejudicial to any right of the defense.

Nor was it error to allow this same witness to testify that when he saw defendant during the night, about three hours after the robbery charged, his clothes were wet, his trousers were rolled up, and his feet were muddy. This is what might have been expected of a party to the crime, for at the time of its commission it had been raining.—*Campbell v. State,* 23 Ala. 44. It may have detracted somewhat from the probative force of this condition of defendant's person and clothing that a person exposed to the weather at any other place might have been in the same condition, but that was a question for the jury, and did not affect the admissibility of the evidence.

Nor was there error in sustaining the state's objection to defendant's question to the witness Rogers, asked with a view to showing that when the witness arrested defendant during the night he had on his person neither gun nor money, for there had been ample opportunity since the crime to dispose of these things.

Nor was there error in the exclusion of the proposed testimony of Dr. Cameron to the effect that he had arrested defendant, before his arrest by Rogers, and had turned him loose. That indicated nothing as to defendant's guilt or innocence, but only, perhaps, that Dr. Cameron had no information that would justify his detention. Nor was the admissibility of the circumstance which defendant here proposed to prove in any wise af-

fected by the fact that the state had previously proved that defendant had stated to Rogers, when he arrested the defendant, that Mr. Meredith also had arrested him, but had turned him loose, for that, too, was of no consequence.

Nor was there error in any other ruling on the evidence. We need not notice other rulings in detail, and, for that matter, might, without impropriety, have pretermitted any discussion whatever of those to which we have specifically referred. We regard all of them as raising very simple propositions of law, and it seems quite obvious that none of them had any appreciable bearing upon the merits of the case. We have been content, therefore, merely to state our conclusion and the reasons therefor in a general way.

It may be proper to add, in view of some suggestions found in brief of counsel for the prisoner, that most likely all evidence touching the occasion when the witness Elam Smith had been robbed might have been excluded on timely objection, taking the ground that the state, by introducing evidence of the offense against Woodie Murphy, had elected to prosecute under that count of the indictment charging that offense, and should not have been allowed for that and possibly other reasons to show the offense against the person and property of Smith which was committed at a different time. But defendant made no objection of any character to the evidence of the res gestæ of the offense against Smith, and he cannot put the trial court in error by objecting to this evidence now on appeal for the first time.

We find no error, and the judgment of conviction must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.