(79 South. 459)

PATTERSON et al. v. STATE. (4 Div. 733.)

(Supreme Court of Alabama. May 16, 1918. Rehearing Denied June 20, 1918.)

1. JURY ☞80—QUASHING VENIRE—WAIVING SPECIAL VENIRE.
Defendants in homicide having waived special venire as provided by Code 1907, § 7264, overruling motion to quash the venire, and compelling defendants to go to trial with less than 50 jurors on the panel from which to strike, was not error.

2. CRIMINAL LAW ☞1091(1)—APPEAL—RECORD—COMPLIANCE WITH JURY STATUTE.
That special venire was waived in writing as provided by Code 1907, § 7264, by defendants in homicide, held sufficiently shown by recital in judgment entry and in bill of exceptions.

3. HOMICIDE ☞158(3)—EVIDENCE—THREATS.
Threats against a class by defendant in homicide may be shown, when deceased was of that class.

4. CRIMINAL LAW ☞673(4)—INSTRUCTIONS—LIMITING CONSIDERATION OF CODEFENDANT'S THREATS.
Testimony of threats by one of the defendants in homicide if not made relevant to the other by evidence of conspiracy should, on motion, be limited to the one making them.

5. CRIMINAL LAW ☞427(5) — EVIDENCE — THREATS BY CODEFENDANT.
Testimony of threats by one of defendants in homicide, being made relevant to the other by evidence prima facie sufficient to establish conspiracy, is for the jury's consideration in passing on guilt of each.

6. CRIMINAL LAW ☞528 — EVIDENCE — CONFESSION OF CODEFENDANT.
Confession of one defendant in the absence of the other is not competent against the other.

7. CRIMINAL LAW ☞673(4)—INSTRUCTIONS—LIMITING CONSIDERATION OF CODEFENDANT'S CONFESSION.
Confession by one defendant in the absence of the other should be limited by instruction to the guilt of the confessor.

8. CRIMINAL LAW ☞563—CORPUS DELICTI—EVIDENCE.
The corpus delicti need not be proved by direct or positive testimony, and may be shown by evidence from which only a reasonable inference that the offense has been committed may be drawn by the jury; the proved facts and circumstances being considered together.

9. CRIMINAL LAW ☞535(1) — CONFESSIONS — CORROBORATION—CORPUS DELICTI.
A mere confession without other proof of the crime will not support a conviction.

10. CRIMINAL LAW ☞566 — EVIDENCE — TRACKS.
Evidence of tracks leading from a house to the place of homicide, made by persons running, considered with other evidence, is competent as tending to identify the guilty parties.

11. CRIMINAL LAW ☞339 — EVIDENCE — TRACKS.
Evidence of tracks tending to corroborate confession of one defendant and threats and declarations against interest of the other is admissible.

12. CRIMINAL LAW ☞531(1) — EVIDENCE — CONDUCT OF DEFENDANT.
Testimony that defendant looked or appeared excited or nervous under detailed circumstances is admissible, her conduct being evidence in the nature of an admission against interest.

13. CRIMINAL LAW ☞433—EVIDENCE—LETTER OF CONSPIRATOR.
A letter of one defendant in homicide may be admissible to show her motive, to corroborate testimony as to her threats and declarations against interest, and for consideration with the confession of the other defendant.

14. CRIMINAL LAW ☞736(1)—CORPUS DELICTI—PROVINCE OF COURT AND JURY.
It is for the judge to determine whether there is testimony sufficient to make it appear prima facie that a crime has been committed, but its ultimate determination on conflicting and contradictory evidence is for the jury.

15. CRIMINAL LAW ☞763, 764(1) — INSTRUCTION ON EFFECT OF EVIDENCE.
Statement in charge, after statement that it is agreed there is but one charge for the jury to determine, namely, murder in the first degree or not guilty, that the state has made out a corpus delicti, is not strictly a charge on the effect of the evidence, but a statement of an undisputed fact.

16. CRIMINAL LAW ☞1137(3)—APPEAL—INVITED ERROR.
The charge showing an agreement that the parties by consent narrowed the issue to murder in the first degree or not guilty, an exception to charge that the inquiry is whether defendants are the guilty ones is not available.

Mayfield, Sayre, and Thomas, JJ., dissenting in part.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Rich Patterson and Fannie Harris were convicted of murder in the first degree, and appeal. Reversed and remanded in part, and in part affirmed.

Chauncey Sparks, of Eufaula, and G. W. Winn, of Clayton, for appellants. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

THOMAS, J. Appellants were tried and convicted of murder in the first degree, and sentenced respectively to the penitentiary for life.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[5] 199 Ala. 271.

[1, 2] There was no error in overruling the motion to quash the venire, and compelling the defendants to go to trial with less than 50 jurors on the panel from which to strike. It is sufficiently shown that the special venire was waived as provided by section 7264 of the Code. The recital in the judgment entry showing the waiver is:

"Defendants being in open court attended by their counsel, and being duly arraigned upon said indictment, plead not guilty, and in connection therewith file their written waiver of a special venire and the service of a copy of the indictment and venire for the trial of this cause."

The bill of exceptions also sets out that upon being arraigned the defendants pleaded not guilty, "and then and there waived a special venire and consented in writing to be tried by the jurors in attendance upon the court." McSwean v. State, 175 Ala. 21, 57 South. 732; Washington v. State, 188 Ala. 101, 66 South. 34; Burton v. State, 194 Ala. 2, 69 South. 913; Harper v. State, 13 Ala. App. 47, 69 South. 302.

[3-5] It has been declared that threats against a class may be given in evidence when the party injured is of that class. Such a threat may be only slight evidence, yet be competent for the jury to consider in connection with the other evidence. Sharp v. State, 193 Ala. 22, 69 South. 122.

The testimony of Stevenson tended to show the deceased to be of the class referred to in the threat by Fannie Harris. If not made relevant as to defendant Patterson by evidence tending to show, or confirmatory of, a conspiracy on his part with defendant Harris, this testimony on motion should have been limited as to him. When, however, this evidence was made relevant by evidence, direct or circumstantial, prima facie sufficient to establish the existence of a conspiracy between these defendants, it was for the jury's consideration in passing on the guilt or innocence of each defendant. McAnally v. State, 74 Ala. 9; Hunter v. State, 112 Ala. 77, 21 South. 65; National Park Bank v. L. & N. R. R. Co., 74 South. 69,[1] and authorities there collected; Cooley on Torts, § 143. Where there was a previously formed purpose or conspiracy to commit the offense in question, the declarations, acts, and conduct of one conspirator, done or expressed in promotion of, or in relation to, the object and purpose of the conspiracy, are those of the other; and such declarations, acts, or conduct may be given in evidence against each conspirator. "To allow such testimony to go to the jury, a foundation must be laid by proof sufficient, in the opinion of the presiding judge, to establish, prima facie, the existence of the conspiracy;" the evidence on which the judge acts need not necessarily establish the corpus delicti. 1 Greenl. Ev. § 184, a, b; 2 Jones Ev. § 254; Stephens, Ev. 46; Morris v. State, 146 Ala. 66, 41 South. 274; Boswell v. State, 1 Ala. App. 181, 56

South. 21; Smith v. State, 8 Ala. App. 187, 62 South. 575.

[6, 7] The confession of defendant Patterson, in the absence of defendant Harris, was not competent evidence against the latter, and should have been limited by proper instructions, as being admitted only to show (as it might tend) the guilt of the confessor. Hendley v. State, 76 South. 904;[2] Everage v. State, 113 Ala. 102, 21 South. 404; Lowman v. State, 161 Ala. 47, 50 South. 43; Williams v. State, 81 Ala. 1, 1 South. 179, 60 Am. Rep. 133; National Park Bank v. L. & N. R. R. Co., supra.

[8, 9] It is not required that the corpus delicti be proved by direct or positive evidence; it may be shown by evidence from which only a reasonable inference may be drawn by the jury that the offense has been committed. To its ascertainment, the proven facts and circumstances should be considered together, and if, upon the whole evidence, the jury are satisfied beyond a reasonable doubt (a) that the crime has been committed, and (b) that the defendant is the guilty perpetrator, it is the duty of the jury to convict. Ryan v. State, 100 Ala. 94, 14 South. 868; Fowler v. State, 170 Ala. 65, 54 South. 115. A mere confession without other proof of the crime will not support a conviction. Calvert v. State, 165 Ala. 99, 51 South. 311; Harden v. State, 109 Ala. 50, 19 South. 494.

[10, 11] The evidence bearing on the fact of tracks of two persons, detailed by the witnesses Hall and Bostick, when considered with the other evidence, was competent as tending to identify the guilty parties—the tracks leading from the house to the scene of the crime appearing to have been made by persons running and to be those of a man and a woman. Such evidence further tended to corroborate the confession of defendant Patterson, and the threat and the admissions against interest of the defendant Harris. Brindley v. State, 193 Ala. 43, 69 South. 536, Ann. Cas. 1916E, 177.

[12] There was no error in permitting the witness to testify that defendant Harris looked or appeared to be excited or nervous under the circumstances detailed. Her conduct was of evidential value, in the nature of an admission against interest. Sharp v. State, supra; Patton v. State, 197 Ala. 180, 72 South. 401; State v. Houston, 78 Ala. 576, 56 Am. Rep. 59; Sims v. State, 146 Ala. 109, 41 South. 413; Tagert v. State, 143 Ala. 88, 39 South. 293, 111 Am. St. Rep. 17; Hainsworth v. State, 136 Ala. 13, 34 South. 203.

[13] The letter from defendant Harris was properly admitted in evidence as tending to show a motive on her part for the crime, and as corroborative of the testimony of Stevenson touching threats on her part, and of the testimony of the witnesses Kolb and Holkins as to this defendant's declarations against interest; and it was competent for

consideration by the jury in its relation to the confession of defendant Patterson.

[14] The court began the oral charge with the statement:

"That indictment, gentlemen, contains several degrees of homicide and manslaughter; murder in the first degree, and murder in the second degree; manslaughter in the first degree, and manslaughter in the second degree. The facts in this case are such that any charge on any other degree of homicide would be needless, and, therefore, by agreement of counsel representing both the state and the defendant, I shall confine myself to murder in the first degree. The facts, as brought out by the evidence, eliminate the necessity of the other charges."

The court then proceeded to define the different elements of murder in the first degree, giving no definition of murder in the second degree, nor form for a verdict of conviction in the latter degree. After practically completing his oral charge, the court said further:

"It is agreed that there is but one charge for you to determine upon, that of murder in the first degree. * * * The state has made out a corpus delicti, the undisputed testimony shows that a man was killed as a result of a wound inflicted from a gun, and in such manner that the person or persons committing the crime would be guilty of murder in the first degree. So the inquiry before you is whether or not these defendants are the guilty ones; or if they aided, abetted, or conspired together or separately, and whether or not as a result of that the crime was committed."

The defendants separately excepted to that portion of the oral charge in which the court said:

"The state has made out a corpus delicti, the undisputed testimony shows that a man was killed as a result of a wound inflicted from a gun, and in such manner that the person or persons committing the crime would be guilty of murder in the first degree. So the inquiry before you is whether or not these defendants are the guilty ones; or if they aided, abetted or conspired together or separately, and whether or not as a result of that the crime was committed."

Of the corpus delicti it has been declared:

"The sufficiency of the proof of the corpus delicti is a question for the court, and not for the jury. Greenleaf, in the section cited (3 Greenl. Ev. § 30) observes: 'The proof of the charge, in criminal causes, involves the proof of two distinct propositions: First, that the act itself was done; and, secondly, that it was done by the person charged, and by none other—in other words, proof of the corpus delicti, and the identity of the prisoner.' The ascertainment that an offense has been committed is as essential to conviction as that the defendant is the guilty agent. Both of these essential propositions are for the determination of the jury, and both must be proved beyond a reasonable doubt. To hold that the court must decide ultimately either of these propositions would be tantamount to a denial of the constitutional right of trial by jury. * * * And to render the acts, declarations and conduct of each person, in promotion of, and in relation to, the purpose of a conspiracy, admissible against a coconspirator, 'a foundation must be laid, by proof sufficient, in the opinion of the presiding judge, to establish, prima facie, the existence of such conspiracy.' McAnally v. State, 74 Ala. 9. It is the province of the judge to determine whether there is testimony sufficient to make it appear, prima facie, that a crime has been committed. The evidence on which the judge acts may not necessarily establish the corpus delicti. It may be, and often is, conflicting and contradictory. In such case, the credibility of the witnesses, and the sufficiency of the entire evidence, are for the ultimate decision of the jury." Winslow v. State, 76 Ala. 42.

In Clemons v. State, 167 Ala. 20, 34, 52 South. 467, the court had said in the oral charge:

"I charge you as a matter of law that the corpus delicti has been proven in this case, provided you believe the evidence."

This was held to be reversible error, as charging upon the effect of the evidence, in violation of section 5362 of the Code.

All the Justices concur in the opinion that the trial court committed reversible error in admitting (against the objection of defendant Harris) the confession of defendant Patterson, shown to have been made in the county jail in the absence of defendant Harris, and after the consummation of the conspiracy, if such existed. On its admission as evidence, it was not limited as tending only to show the guilt of the confessor. For this error, the judgment of conviction as to defendant Harris is reversed, and the cause is remanded to the circuit court for another trial of defendant Harris.

[15, 16] Mr. Chief Justice ANDERSON, and Justices McCLELLAN, SOMERVILLE, and GARDNER are of the opinion that the judgment of conviction of defendant Patterson should be affirmed. Their reason therefor is stated by the CHIEF JUSTICE as follows:

"The majority entertain the opinion that there was no reversible error in that part of the oral charge excepted to by the defendant. It was not, strictly speaking, a charge upon the effect of the evidence, but was the mere statement of an undisputed fact. Stephenson v. Wright, 111 Ala. 588 [20 South. 622], upon rehearing. As the oral charge shows an agreement that the parties by consent narrowed the issue to murder in the first degree or not guilty, an exception to this feature of the charge cannot avail the defendant. Day v. State, 74 South. 352.³ Moreover, this latter portion of the charge as to murder in the first degree was not separated in the exception reserved from that in reference to the corpus delicti."

Justices MAYFIELD and SAYRE concur with the writer in the opinion that the portion of the oral charge to which exception is reserved was, strictly speaking, a charge on the effect of the evidence as to the establishment of the corpus delicti, and as to the degree of murder, and that the law required such issues of fact to be determined by the jury. Code 1907, § 7087; Gafford v. State, 125 Ala. 1, 28 South. 406; Howerton v. State, 191 Ala. 13, 67 South. 979. We are constrained to dissent from the judgment of affirmance as to defendant Patterson.

The decision of affirmance as to Patterson is a misapplication of the doctrine of error without injury, or of rule 45 of this court (175 Ala. xxi, 61 South. ix); neither has field for operation in a case like this. Neither can have application, so as to authorize trial courts to

ignore express statutes or constitutional law. The statutes, by express provisions, prohibit trial judges from ex mero motu instructing the jury upon the effect of the evidence; and also provide that such charges must be requested by the parties in writing, and must be given or refused in the language in which requested. Code 1907, §§ 5362, 5364. The Constitution—Bill of Rights—provides that no person shall be accused, arrested, or detained or tried, except in the manner and form provided by law. Is it possible that these sacred and valuable constitutional and statutory rights of the citizen can be disregarded by, trial courts, over the objection of the accused, and such unlawful acts affirmed, on the ground that the citizen was not injured by thus being deprived of his rights? The writer cannot understand how it is possible that a citizen is not injured when he is deprived of such rights. The guilty, as well as the innocent, have a right to be tried in accordance with the law of the land. The innocent ought not to be punished, and the law does not intend or provide that they shall be, punished; and as to the guilty, the law provides that such shall not be punished except in the mode and manner provided by the law. It must be apparent that the effect of the affirmance in Patterson's case is far-reaching.

As to the defendant Harris the judgment of conviction is reversed, and the cause is remanded; all the Justices concurring.

The judgment of conviction of the defendant Patterson is affirmed; ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and GARDNER, JJ., concurring, and MAYFIELD, SAYRE, and THOMAS, JJ., dissenting.

Reversed and remanded in part, and in part affirmed.