(93 South. 332)

## JONES v. STATE.   (8 Div. 962.)

(Court of Appeals of Alabama.   June 30, 1922.)

1. **Intoxicating liquors** ⬯238(1)—**Evidence of manufacturing held sufficient for jury.**

In a prosecution for manufacturing liquor and possessing a still, evidence *held* sufficient to make an issue of fact for the jury as to defendant's guilt.

2. **Intoxicating liquors** ⬯233(1)—**Proof that barefoot and shoe tracks from defendant's house to still were found after rain held competent.**

In a prosecution for manufacturing liquor and possessing a still, it was competent for the state to prove that the still and barefoot and shoe tracks leading thereto from defendant's house were found right after a rain, where there were facts and circumstances tending to connect defendant with the tracks and other parties with defendant, when the officers arrived at his house, who were barefooted and had mud on their feet.

3. **Criminal law** ⬯424(1)—**Proof that codefendant had still slop on pants held competent.**

In a prosecution for manufacturing liquor and possessing a still, to which tracks led from defendant's house, it was competent to show that a codefendant, who was at defendant's house when they were arrested, had still slop on his pants.

4. **Intoxicating liquors** ⬯233(1)—**Proof that buggy with tire off, like that by which tracks to still were made, stood in front of defendant's house held relevant.**

In a prosecution for manufacturing liquor and possessing a still, tracks leading to which indicated that they were made by a buggy with rubber tires, one of which was worn off, proof that such a buggy stood in front of defendant's house was relevant.

5. **Criminal law** ⬯338(1) — **Facts naturally leading to conclusion connecting defendant with crime charged are relevant.**

Facts which naturally lead the human mind to a conclusion connecting defendant with the crime charged or bringing him so close to the scene thereof at the time of its commission as to tend to show his knowledge thereof are always relevant; the law of evidence being the essence of common sense.

6. **Criminal law** ⬯407(1)—**Proof of defendant's identification of codefendants at time of arrest held admissible.**

In a prosecution for manufacturing liquor and possessing a still, to which barefoot tracks led from defendant's house, evidence that defendant, when asked at the time of his arrest

---

where the barefooted ones were, pointed out two codefendants present, who remained silent, was relevant, as corroborating the state's theory that all those present at defendant's house were jointly guilty.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Charlie Jones was convicted of violating the prohibition laws, and he appeals. Affirmed.

W. H. Long, of Decatur, for appellant.

The facts proved did not justify a conviction, and the defendant should have been given the affirmative charge. 89 South. 98; 122 Ala. 21, 26 South. 162.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The evidence for the state tends to show that within the time laid in the indictment and in the county, a still for making whisky, recently in operation and still hot, with fire still in the furnace, was found near defendant's house; that a buggy track, recently made, was found, going from the still place to defendant's house, where it was found that the buggy had had rubber tires, but one of them was worn off, and the track indicated this; that it had recently rained, and fresh barefoot and shoe tracks led to and from the defendant's house to the still; that the defendant and the other defendants were there at defendant's house when arrested; that on the pants of one of the other defendants there was some "still slop"; that there was no other house close to the thicket where the still was but defendant's; the tracks all went from the house to the still and back to the house; the old road that went on out to an old still place had not been traveled at all, the buggy track went from the house to the still, turned in the woods at the still, and went back to defendant's house; he said it was his buggy. This is a very different case to the case of Mitchell v. State (Ala. App.) 89 South. 98,[1] cited in brief of counsel. This evidence made the issue a question of fact for the jury to say whether on the evidence the defendant was guilty beyond a reasonable doubt.

[2, 3] It was competent for the state to prove that at the time of finding the still and tracks, it was "right after a rain" the facts and circumstances tending to connect the defendant with the tracks leading to the still, and there being other parties with the defendant when the officers arrived at his house, who were barefooted, and had mud on their feet, and it was also competent to show that one of the parties charged jointly with defendant had "still slop" on his pants.

[4, 5] The fact that there was a buggy, with rubber tires, with the rubber on one tire worn off, standing in front of defendant's house, was relevant, in view of the fact that the buggy tracks leading to and from the still were made by a buggy of similar type. The law of evidence is "the essence of common sense," and fact when proven, which in the nature of things leads the human mind to a conclusion connecting the defendant with the crime charged, or which brings him so close to the scene of the crime at the time of its commission as to tend to show that he had knowledge of its commission, is always relevant.

[6] It was relevant and admissible for the state to prove, that at the time of the arrest defendant, when asked, "where are the ones that are barefooted?" replied, "There they are," pointing out two of the defendants, who were then and there present; their silence under accusation tending to prove the guilt of all, as being in corroboration of the state's theory that the four defendants who were at this defendant's house were all jointly guilty.

Without passing upon each specific objection to the evidence, it is apparent that the court confined the testimony well within the issues.

There is no error in the record, and the judgment is affirmed.

Affirmed.