### COLLIER v. STATE.   (8 Div. 527.)

(Supreme Court of Alabama.   June 9, 1923.)

**1. Jury ⚖116—Mistake in year date on indictment served upon defendant held not to warrant quashing the venire.**

Where an indictment served upon defendant bore an indorsement date over the clerk's signature of August 25, 1922, whereas the indictment under which he was tried bore the date of August 25, 1921, *held* under Acts Sp. Sess. 1909, p. 317, § 29, that a motion to quash the venire was properly overruled.

**2. Criminal law ⚖820—Explanation of instruction given held not to detract therefrom or result in possible prejudice.**

In a criminal prosecution where the court had instructed the jury that "if there is a probability of defendant's innocence arising from the evidence or want of evidence, you should acquit him," a subsequent explanation of that charge by the court *held* not such as would take anything from the instruction or result in any possible prejudice.

**3. Criminal law ⚖811(2)—Instructions unduly emphasizing particular feature of evidence properly denied.**

Instructions singling out respectively a feature of the evidence only and unduly emphasizing it *held* properly denied.

Appeal from Circuit Court, Lawrence County; Osceola Kyle, Judge.

Emmett Collier was convicted of murder in the first degree and appeals. Affirmed.

Charges 8 and 9, refused to defendant, read:

"In determining what weight you will give to the testimony of Mollie Tyler, it is proper to take into consideration the evidence, if there be such, of her contradictory statement made to the witnesses J. H. Posey and Dave Waldrop made or alleged to have been made at her home on the night after the funeral of her father that day and her sworn statements before the first grand jury investigating the case.

"If you believe from the evidence in the case that the state's witness Mollie Tyler swore before the first grand jury investigating the case that she did not know who the parties were that were there at the time of the killing of her father, then I charge you that such evidence is admissible for your consideration in determining the accuracy of her statement in this trial, that she would not swear that the defendant was the party she saw there, but she thought it was him."

Callahan & Harris, of Decatur, for appellant.

In order for an indictment to be legal it is necessary that it be indorsed, filed, and dated by the clerk. McMullen v. State, 17 Ala. App. 504, 86 South. 175; Fogg v. State, 197 Ala. 278, 72 South. 522; Wilson v. State, 128 Ala. 17, 29 South. 569; Smiley v. State, 11 Ala. App. 67, 65 South. 916. The indictment charging the defendant with manufacturing and selling whisky was prejudicial to defendant on this trial, and was erroneously admitted in evidence. Gassenheimer v. State, 52 Ala. 320.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

McCLELLAN, J. [1] The appellant was convicted of the murder of one Tyler, and sentenced to imprisonment for life. The motion to quash the venire—because the copy of the indictment served upon defendant bore an indorsement date, over the clerk's signature, August 25, 1922, whereas on the indictment on which he was tried such date was in fact August 25, 1921—was properly overruled in accordance with the statute. Acts Sp. Sess. 1909, p. 317, § 29. Furthermore, it is quite manifest that the error in the year (1922 for 1921) was purely clerical.

There was evidence for the state designed

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to show that defendant entertained hostile feeling towards Tyler because Tyler was a witness against him in a then pending cause wherein defendant had been indicted for violating the prohibition laws; and that defendant made a declaration of a threatening character towards Tyler in connection with such pending prosecution. In this connection that indictment was properly received in evidence; so for its service of completing the evidence of the theory indicated.

[2] The court gave, at defendant's request, this instruction: .

"If there is a probability of the defendant's innocence arising from the evidence, or a want of evidence, you should acquit him."

The court then gave this explanation:

"I will explain that charge, gentlemen, by saying, that it means this: If there is more evidence of the defendant's innocence arising from the evidence than there is of his guilt, then he should be acquitted; or, if there is more evidence of his innocence arising from a want of evidence in the case, then he should be acquitted."

"Whereupon the defendant then and there in open court, before the jury retired, duly reserved an exception to the court's explanation of said charge."

There was no fault, or even possible prejudice, in the court's explanation. It took nothing from the effect of the instruction to which the explanation referred.

[3] Defendant's requests for instructions numbered 8 and 9 were well refused. Both of them singled out, respectively, a feature only of the evidence, which, if permitted, would have unduly emphasized such feature of the evidence.

The oral charge of the court was complete and errorless. The several special charges given for defendant sufficiently and efficiently advised the jury on the points to which they relate.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.