(102 So. 153)

## MILLER v. STATE. (6 Div. 366.)

(Court of Appeals of Alabama. Sept. 2, 1924.)
Rehearing Denied Nov. 11, 1924.)

**1. Homicide ☞341—Refusal of charges dealing with higher offense held harmless error, where defendant acquitted thereof.**

Where indictment charged assault with intent to murder, verdict and judgment for assault and battery was an acquittal of higher offense charged, and any error in refusing charges dealing with higher offense was harmless.

**2. Criminal law ☞829(1)—Refusal of charges covered by charges given held not erroneous.**

Refusal of defendant's charges fully covered by court's oral charge or by instructions given at defendant's request held not erroneous.

**3. Homicide ☞340(4) — Court's remarks in connection with charge given for defendant held not prejudicial.**

In connection with charge that jury must believe defendant shot W. with intent to kill, court's remark that it was sufficient if he intended to kill person shot at, though he did not know it was W., was proper and not prejudicial, where charge was not predicated on evidence, and defendant was acquitted of assault with intent to kill.

**4. Criminal law ☞517(3)—Defendant's statements concerning shooting held properly admitted as confessions.**

Defendant's voluntary statements made on morning following shooting and concerning shooting and his connection therewith, proper predicate being laid by each witness before statements were testified to, were properly admitted as confessions.

**5. Criminal law ☞404(4)—Shirt worn by person at time he was shot held admissible.**

Shirt worn by person shot at time he was shot, and shown to be in same condition at trial as at time of shooting, was admissible.

**6. Criminal law ☞451(1) — Testimony that hole through cornstalk "looked like a bullet" held admissible.**

Testimony that hole through a cornstalk "looked like a bullet" was a shorthand rendering of a fact, and was not erroneous.

### On Rehearing.

**7. Criminal law ☞364(2)—Homicide ☞158 (3)—Defendant's threat to shoot some one, while not res gestæ, held admissible.**

Evidence that defendant stated two or three weeks before shooting that "if they didn't quit passing his house singing he was going to shoot them" was not a part of res gestæ, but was in nature of a threat against a class, and admissible, where person shot was passing house singing.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Charlie Miller was convicted of assault and battery, and he appeals. Affirmed.

Charge 8, given for defendant, is as follows:

"(8) The defendant cannot be convicted for assault with intent to murder Claud Williams unless the jury are satisfied beyond a reasonable doubt that defendant shot Claud Williams with intent to kill him."

After reading this charge, the court stated to the jury:

"Now, gentleman, the court doesn't qualify that charge. That is a correct statement of law, but perhaps it would be proper for the court to explain to the jury that the law is not such that the jury would have to be satisfied that at the time the defendant fired he knew that was Claud Williams; that would be immaterial, if he fired to kill that person, with the intent to kill that person, even though he did not know at the time that it was Claud Williams, or even though he may have thought it was some one else, if in fact it was Claud Williams, then that would be sufficient on the matter of intent."

To this statement the defendant excepted.

Ray & Cooner, of Jasper, for appellant.

The remarks by the court on giving requested charge 8 constituted error. Eiland v. State, 52 Ala. 322.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Statements made by defendant the morning following the shooting were admitted without error. Perry v. State, 91 Ala. 83, 9 So. 279; Brindley v. State, 193 Ala. 43, 69 So. 536, Ann. Cas. 1916E, 177; Wasserleben v. State, 184 Ala. 2, 63 So. 520; Jackson v. State, 167 Ala. 44, 52 So. 835; Poe v. State, 155 Ala. 31, 46 So. 521; Dupree v. State, 148 Ala. 620, 42 So. 1004; Moye v. State, 12 Ala. App. 127, 67 So. 716; Jones v. State, 18 Ala. App. 626, 93 So. 332. Evidence as to the hole in the corn stalk, and the shirt worn by the injured party were admitted without error. Fuller v. State, 117 Ala. 36, 23 So. 688; Orr v. State, 117 Ala. 69, 23 So. 696; James v. State, 104 Ala. 20, 16 So. 94; Watkins v. State, 89 Ala. 82, 8 So. 134; Perry v. State, 87 Ala. 30, 6 So. 425; Burton v. State, 107 Ala. 108, 18 So. 284. As to the remarks made by the court, see Lewis v. State, 96 Ala. 11, 11 So. 259, 38 Am. St. Rep. 75; A. G. S. v. Moody, 92 Ala. 279, 9 So. 238; Lowe v. State, 88 Ala. 9, 7 So. 97.

FOSTER, J. [1, 2] The indictment charges assault with intent to murder, and the verdict and judgment was for an assault and battery, as charged in the indictment. This was an acquittal of the higher offense charged, and any error in refusing charges dealing solely with the higher offense was without injury. This disposes of all the charges refused to the defendant. It may be observed, however, that they were fully covered by the oral charge of the court or by instructions given at defendant's request. Some of these charges also possess inherent vices that rendered their refusal free from error.

[3] The remarks of the court in connection with given charge 8 requested by defendant were not of such a character as to be harmful to defendant. Collier v. State, 209 Ala. 608, 96 So. 755. The charge might have been well refused as not predicated upon the evidence, and the court's statement relative thereto was a proper statement of the law, but, as observed above, the defendant was acquitted of the higher offense, and no injury resulted to him by the remarks of the court. Other errors noted refer to matters of evidence.

[4] All of the state's witnesses, except two, were permitted to detail a conversation had with the defendant on the morning following the shooting concerning the shooting and defendant's connection therewith. So far as appears, these statements were all voluntary. In any event, proper and full predicate was laid by each witness before the statements were testified to. As confessions, the statements of defendant were properly admitted. Jones v. State, 18 Ala. App. 626, 93 So. 332; Poe v. State, 155 Ala. 31, 46 So. 521; Perry v. State, 91 Ala. 85, 9 So. 279.

[5] The admission of the evidence of the fact that a few weeks prior to the shooting the defendant said, "If they don't stop passing by here singing, I am going to shoot somebody," was without error. The person assaulted was doing that particular thing—singing Holy Roller songs—at the time he was shot, and a few weeks after the threat was made. The shirt worn by the person shot at the time he was shot was shown to be in the same condition at the trial as at the time of the shooting. It is well settled that as such it was admissible.

[6] The testimony of the witness Williams that the hole through a cornstalk near where the defendant was at the time he was shot "looked like a bullet" was a shorthand rendering of a fact, and not erroneous. Fuller v. State, 117 Ala. 36, 23 So. 688. This disposes of all questions presented to the Court.

There is no error.

Affirmed.

## On Rehearing.

[7] The evidence of Jim Cagle, a witness for the state, that he had a conversation with the defendant two or three weeks before the shooting in which defendant said "if they didn't quit passing his house singing he was going to shoot them," was not part of the res gestæ, but was in the nature of a threat against a class to which the injured party belonged (those who passed defendant's house singing). The injured party passed the defendant's house singing Holy Roller songs, and such a threat against those of that class

to which the injured party belonged and prima facie referable to him, though his name was not mentioned, was admissible in evidence. Such a threat may be only slight evidence, yet be competent for the jury to consider in connection with the other evidence. Sharpe v. State, 193 Ala. 22, 69 So. 122; Patterson v. State, 202 Ala. 65, 79 So. 459; King v. State, 19 Ala. App. 153, 96 So. 636.

The application for rehearing is overruled.