(109 So. 118)

### SLATON v. STATE.   (7 Div. 127.)

(Court of Appeals of Alabama.   May 18, 1926. Application for Rehearing Dismissed June 8, 1926.)

1. Intoxicating liquors ⊂═⊃233(1)—Evidence of whisky found in defendant's garden held admissible in prosecution for manufacturing liquor, where still was found in pasture within 200 yards of defendant's house, from which trail led to still.

Evidence that still was set up in defendant's pasture within 200 yards of his home and near his cornfield, and that trail led from still to house, *held* to warrant admission in evidence of two gallon jugs of whisky found in defendant's garden.

2. Witnesses ⊂═⊃380(2).

Where defendant charged with manufacturing liquor testified that still was owned by another, who was dead, it was proper for state to prove that at time of arrest defendant stated that other had nothing to do with still.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Virgil Slaton was convicted of manufacturing prohibited liquors and possessing a still, and he appeals.   Affirmed.

Isbell & Scott, of Ft. Payne, for appellant.

Counsel discuss the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Testimony as to the finding of whisky in the garden was properly admitted. Hopkins v. State, 18 Ala. App. 423, 93 So. 40; Jones v. State, 18 Ala. App. 626, 93 So. 332. It was proper to allow the state to impeach the testimony of the defendant. Wilkerson v. State, 18 Ala. App. 478, 93 So. 205.

SAMFORD, J. [1] It having been testified to by state's witnesses that a still set up and beer was found in defendant's pasture within 200 yards of defendant's house and within 20 yards of his cornfield, and that the still could be seen from the end of the corn rows, and that a well-beaten trail led from the still to defendant's house, it was competent to prove everything found on defendant's premises and in proximity to the still, relating to the still, which evidence included two one-gallon jugs of whisky filled with corn whisky and found in defendant's garden. Sikes v. State, ante, p. 220, 107 So. 800; Jones v. State, 18 Ala. App. 626, 93 So. 332.

[2] The defendant, when being examined as a witness, testified that the still was owned by a man named Poe, who was then dead. It was proper to allow the state to prove that at the time the defendant was arrested he made the statement that Poe had nothing to do with the still. This tended to impeach the witness on a material point.

We have examined the entire record. The defendant has had a fair trial, in which there are found no errors that could have prejudiced the defendant's substantial rights. Let the judgment be affirmed.

Affirmed.

#### On Rehearing.

The application for rehearing does not conform to Supreme Court rule 38, in that there was no brief for the applicant accompanying the application.

The application is dismissed.