(112 So. 182)

**FORD v. STATE.**   (2 Div. 375.)

Court of Appeals of Alabama.   April 5, 1927.

A. W. Stewart, of Marion, and Bruce K. Craig, of Selma, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

SAMFORD, J.   ▉   The first exceptions relate to a line of questions and answers tending to prove that a mule track started at defendant's house and went directly to a wire fence, near where the still was found, that the track of the mule had a certain peculiarity, and when this defendant was arrested he was in possession of a mule that made a similar track; that no human track accompanied the track of the mule; that the mule was tied near the wire fence and from that point a human track led to and from the place where the still was found; that the mule track started back in the direction of defendant's house, but was not followed very

far by the officers. These circumstances, taken as a whole, tended to connect the defendant with the still, and as such were relevant. Jones v. State, 18 Ala. App. 626, 93 So. 332.

■ After laying a proper predicate tending to show that no threats, inducement, or other improper methods were used to induce defendant to make a statement, the court properly and without error admitted evidence tending to prove a full confession of guilt on the part of defendant. When the defendant came to testify, he denied guilt and any knowledge of the still or articles found by the officers, and sought to avoid the confession by claiming that whatever he said was said under the influence of fear and duress. The solicitor, on cross-examination, asked the defendant specific questions, if he did not say so and so, in the nature of a confession, and the defendant answered, "I do not remember." This cross-examination was pursued at some length, and in each instance was answered, "I do not know" or "I do not remember." When the solicitor came to argue the case, he commented on this examination and criticized the defendant for the manner of his answers. One of the purposes of cross-examination is to test the truth of the testimony then being given, and the jury has a right to observe the manner of the witness, the readiness of his answers, and as to whether answers are given in good faith or for the purpose of evasion. The oft-repeated answer, "I do not remember," in reply to questions relating to matters as to which it is obvious that the witness does remember, may protect the witness from a prosecution for perjury, but nonetheless may cause the jury before whom he is to testify to completely disregard his testimony. Too often is such answer the refuge of the willful perjurer or the prompted witness.

■ Refused charge 6 was properly refused. Whether defendant was a man of good character was a question for the jury.

■ Refused charge 1 invades the province of the jury.

■■ Refused charge 9 is bad, for at least two reasons, if not more. It does not correctly state the rule of reasonable doubt, and it is not based upon a consideration of all the evidence.

■ Refused charge B is bad. The court, in his oral charge, fully and fairly instructed the jury as to the preliminary proof necessary to the admission of evidence of a confession.

■ Refused charge A is an argument.

No brief has come to the hands of the court in this case, but, as required by law, we have read and considered this record and find that the defendant has had a fair trial according to the forms of law and without prejudicial error appearing in the record.

Let the judgment be affirmed.

Affirmed.