(117 So. 605)

**LAWLER v. STATE.** (8 Div. 729.)

Court of Appeals of Alabama. June 30, 1928.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

**550**

Bradshaw & Barnett, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J. The indictment preferred by the grand jury charged this appellant with the offense of murder in the first degree, but the trial thereunder resulted in his conviction, by the jury, of manslaughter in the first degree with his punishment fixed at imprisonment in the penitentiary for a term of six years. The killing of Edgar Grissom by having been shot with a pistol by defendant was not denied. He admitted the killing, but insisted that in so doing he acted in self-defense. The state insisted, and offered much evidence to sustain the insistence, that the killing was a palpable and inexcusable murder of an unarmed man with whom the accused was admittedly on bad terms. However meritorious the state's insistence may appear from the record, the judgment of conviction appealed from cannot be sustained if injurious and prejudicial error occurred upon the trial, and this seems to be clearly evident in the court's rulings upon the question of the law of self defense.

Under the undisputed evidence in this case, Archie Lawler, the defendant, was a welcomed guest in the home of his kinsman where the killing occurred; he was therefore under no duty to retreat. "A man is not required to retreat from his own house." Crawford v. State, 112 Ala. 1, 21 So. 214. A guest in a dwelling house is entitled to all the protection the law affords the owner. In Crawford's Case, supra, the court said:

"The law has been long settled that a guest in a dwelling house is entitled to the protection the law affords to the owner or more permanent occupant."

This is the settled law, but, notwithstanding this well-known principle, the court below declined to so instruct the jury, and did instruct them over the exception of defendant that the duty of retreat devolved upon him, and that the burden rested upon him to show there was no reasonable mode of retreat without apparently increasing his danger, before he could invoke the doctrine of self-defense successfully. This erroneous premise of the court is apparent in several of the rulings complained of and to which exception was reserved. It is expressly manifest, as shown by the record, in the court's refusal of charge 10, wherein the court made known his reasons for refusing said charge by indorsing thereon, above his signature:

"Refused because the charge bases an acquittal on the ground of self-defense, and it leaves out the doctrine of retreat."

The oral charge on this subject was of the same import, and the defendant duly excepted thereto. These errors must cause a reversal of the judgment of conviction from which this appeal was taken. It has well been said:

"The guilty, as well as the innocent, have a right to be tried in accordance with the law of the land. The innocent ought not to be punished, and the law does not intend or provide that they shall be punished; and as to the guilty, the law provides that such shall not be punished excepted in the mode and manner provided by the law." Patterson v. State, 202 Ala. 65, 68, 79 So. 459, 462.

The record in this case is voluminous. A vast array of witnesses were examined, and innumerable exceptions were reserved to the rulings of the court upon the admission and rejection of evidence. We refrain from discussing these points of decision; but in passing upon these exceptions we find none of sufficient merit to require a reversal of the judgment of conviction, other than as hereinabove stated. The trial having been thus burdened with the erroneous rulings designated impels this court to order that the judgment of conviction from which this appeal was taken be reversed, and the cause remanded for another trial.

Reversed and remanded.