57 So.2d 509

### ROBINSON v. STATE.
### 7 Div. 149.

Supreme Court of Alabama.
March 13, 1952.

138

sel being present; setting of the case for trial; due trial; and conviction of the defendant and judgment and sentence.

It appears that at the time of arraignment the defendant executed a written waiver of a special venire. The defendant had a right to waive a special venire. White v. State, 209 Ala. 546, 96 So. 709; Patterson v. State, 202 Ala. 65, 79 So. 459; Washington v. State, 188 Ala. 101, 66 So. 34.

The appeal in this case is not governed by the provisions of the automatic appeal statute, since the death sentence was not imposed. Sections 382(1)–382(13), Title 15, Code 1940, 1949 Cum.Pocket Part, pp. 78–81, Vol. IV, Code 1940.

No question is presented for our consideration except the regularity of the proceedings in the lower court as shown by the record. No error appearing in this connection, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

FOSTER, SIMPSON, and STAKELY, JJ., concur.

Robt. H. King, Gadsden, for appellant.
Si Garrett, Atty. Gen., for the State.

LAWSON, Justice.

The appellant, Linnell Robinson, was indicted by a grand jury of Etowah County for the offense of murder in the first degree. On his trial in the circuit court of said county on the indictment he was convicted of murder in the second degree and his punishment fixed at imprisonment in the penitentiary of this state for a period of thirty years.

There is no official report of the proceedings and evidence on the trial. The appeal is upon the record.

The record proper shows indictment in due form of law; arraignment of defendant upon the indictment in open court, his coun-