# Eubanks *v.* The State.

*Murder.*

(Decided June 15, 1911.   56 So. 88.)

1. *Appeal and Error; Harmless Error; Evidence.*—Evidence that a note was brought to the witness on the day before the killing which was in the handwriting of a woman to whom defendant and deceased had been paying attention, was not prejudicial to the accused, where it appeared that the note was written for another woman to the witness, and that it did not concern or mention the accused or the deceased.

2. *Charge of Court; Comment on Facts.*—Where it is admitted that accused killed decedent with a pistol, it was not improper to charge that it appeared from the evidence that accused must set up something by way of justification, if he would show himself guiltless.

3. *Same; Stating Issues.*—Where the tendencies of the evidence are not misstated and those favorable as well as those unfavorable are properly stated, a court will not be put in error for pointing out facts which are at issue.

4. *Homicide; Instructions; Self Defense.*—A charge asserting that where the defense was self defense the state must prove beyond a reasonable doubt that accused was the aggressor, and provoked the difficulty in order to deprive him of his plea of self defense, was properly refused since it ignored accused freedom from fault in provoking the difficulty, for if the defendant provoked the difficulty he could not claim self defense, although the decedent was the aggressor in the resulting fight and was also in fault in provoking it.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Theophilus Eubanks was convicted of first degree manslaughter, and he appeals.   Affirmed.

The facts sufficiently appear in the opinion of the court.   The following charge was refused the defendant: "The court charges the jury that, in cases of this kind when the defense is self-defense, the burden is on the state to prove to you beyond a reasonable doub; that the defendant was the aggressor and provoked the difficulty, before he can be deprived of his plea of self-defense."

L. A. SANDERSON, and J. MONROE HOLLEY, for appellant. Charge 1 should have been given as well as charge 6.—*Hinson's Case*, 112 Ala. 41. In its oral charge the court committed error in asserting that the defendant must set up something by way of justification if he was to show that he was not guilty.—*Gibson v. The State*, 89 Ala. 127; *Compton v. The State*, 20 So. 119; *Naugher v. The State*, 17 So. 24. The court also erred in directing the jury's attention to certain issues of fact.—*Titwell v. The State*, 70 Ala. 33; *Hawes v. The State*, 88 Ala. 40. The court erred in admitting the fact that a certain note was handed the witness.—*Carr v. The State*, 100 Ala. 4.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Counsel insist that there was no error committed in the admissions of evidence, but cite no authority. They insist that there is no error in the court's oral charge, and cite *Gibson v. The State*, 89 Ala. 127. They insist that the court properly refused the requested written charges, and cite *Robinson v. The State*, 155 Ala. 67; *Morris v. The State*, 146 Ala. 66.

WALKER, P. J.—It was not controverted, in the trial of this case, that the appellant killed Jesse Ryan by shooting him with a pistol on the premises of Pete Montgomery, also known as Pete Dorsey, where the deceased was living at the time. There was evidence tending to show that the deceased was interested in Cozy Dorsey, a daughter of Pete Dorsey, who lived at the same house, and who testified that she and the deceased were "mighty good friends," and that she was cooking for him; that the defendant had recently begun to pay attentions to the same woman, and that one result of

this situation was the existence of a feeling of jealousy or ill will between the two men. The killing occurred in the course of a fight between them on the occasion of a visit of the defendant at the house mentioned. The defendant came there armed with a pistol from which he fired the fatal shot. While the defendant was at that place in the company of the woman mentioned, the deceased left the house, but a short time afterwards came back, carrying a large stick and also having a pistol on his person. Soon after his return to the house the fight between the two men started, the evidence tending to show that the deceased struck the first blow.

In the course of the examination of Plush Martin, a witness for the state, who seems to have been a friend of the defendant, the two having visited Pete Dorsey's house together the night before the killing, he testified, without objection on the part of the defendant, that a note was brought to him on the day before the killing which, there was evidence tending to show, was written by Cozy Dorsey. The bill of exceptions does not show that the defendant excepted to any action of the court in admitting testimony in reference to that note, which the court allowed to remain before the jury for their consideration. Besides, it was subsequently proved without contradiction that the note inquired about, though written by Cozy Dorsey, was the note of another woman to the witness Plush Martin, and that there was nothing in it about the defendant or the deceased —their names not being mentioned. If affirmatively appears that the reference in the testimony to that circumstance could not have prejudiced the defendant, and would not have constituted a ground of reversal if the overruling of the objections made had been followed by appropriate exceptions.—*Fowler v. State*, 155 Ala. 21;

45 South. 913; *Hill v. State,* 146 Ala. 51, 41 South. 621; Code 1907, § 6264.

It being an admitted fact in the case, as stated in substance by the court in the course of its oral charge, that the defendant killed the deceased by shooting him with a pistol, there was no impropriety in the statement subsequently made in such charge that "it appears from the evidence in the case that the defendant here must set up something by way of justification if he would show that he is guiltless."—*Gibson v. State,* 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96. It is not true, as contended by the counsel for the defendant, that it was a necessary inference from the evidence offered against the defendant to prove the homicide that he was under a pressing necessity to fire in self-defense. On the contrary, the evidence afforded grounds for the inference that the defendant was not free from fault in provoking or bringing on the difficulty; that he made no attempt to retreat or to avoid the difficulty; and that there was an absence of necessity for him to kill the deceased in order to defend himself.

The objection to the part of the oral charge in which the court undertook to state the theory of the prosecution as to the tendencies of the evidence is untenable. The court did not there misstate the tendencies of the evidence. The tendencies of the evidence favorable to the defense were in like manner stated in the charge.

There was no impropriety in thus pointing out to the jury the facts in issue.—*Hawes v. State,* 88 Ala. 37, 7 South. 302.

It follows from what already has been said as to the tendencies of the evidence in the case that there was no error in the refusal to give the general affirmative charge requested by the defendant.

[Flowers v. The State.]

Charge 6 requested by the defendant was properly refused. It ignored the inquiry as to the defendant's freedom from fault in provoking or bringing on the difficulty. If he was so at fault, he was not entitled to claim self-defense, though the deceased was the aggressor in the fight which resulted fatally to him, and also in fault in provoking that difficulty. The charge may be subject to other criticism.

Affirmed.