(89 South. 48)

## WHITTLE v. STATE.    (3 Div. 463.)

(Supreme Court of Alabama. Jan. 27, 1921. Rehearing Denied May 5, 1921.)

**1. Criminal law ⬤⟲844(1)—Exception to whole instruction, only part of which erroneous, not sustainable.**

In a prosecution for murder, where the court instructed the jury that, before they could convict, each must believe beyond all reasonable doubt that defendant was guilty, but that, if one or more entertained a reasonable doubt of his guilt, there could be no verdict, but a hung jury, and that "it takes 12 men to believe that he is not guilty beyond a reasonable doubt to acquit him," an exception to the whole instruction cannot be sustained, even if the latter clause was erroneous and prejudicial; the preceding clause being a correct statement of the law.

**2. Criminal law ⬤⟲825(1)—Instruction each juror must believe defendant not guilty beyond reasonable doubt held correct, though ambiguous.**

In a prosecution for murder, an instruction that "it takes 12 men to believe that he is not guilty beyond a reasonable doubt to acquit him," though ambiguous, *held* correct, being construed to mean "and it takes 12 men to believe that he is not—guilty beyond a reasonable doubt"; defendant's proper remedy, instead of excepting, being to move for an explanatory instruction.

Appeal from Circuit Court, Conecuh County; John B. Lee, Judge.

---

Booker T. Whittle was convicted of murder in the first degree, and he appeals. Affirmed.

Robert H. Jones and L. B. Chapman, both of Evergreen, and Emmet S. Thigpen, of Andalusia, for appellant.

For brief, see the case of Dan Whittle v. State, post, p. 639, 89 South. 43.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

For brief, see the case of Dan Whittle v. State, post. p. 639, 89 South. 43.

SOMERVILLE, J. The defendant was indicted and tried for murder in the first degree, and appeals from a judgment of conviction.

[1] In his oral charge to the jury the trial judge instructed them as follows:

"Before the jury can convict the defendant, each one of the jury must believe beyond all reasonable doubt that the defendant is guilty. Yet it does not follow that the defendant should be acquitted unless each one of you believe beyond all reasonable doubt that the defendant is guilty. But, if one or several of you believe beyond all reasonable doubt that the defendant is guilty, and one or more of you entertain a reasonable doubt of his guilt, there would be no verdict, but a hung jury."

This instruction was unquestionably correct, and no exception was taken thereto. In further exposition of the subject, the judge then said:

"In other words, it takes 12 men to believe that he is guilty beyond a reasonable doubt before you can convict him, and *it takes 12 men to believe that is not guilty beyond a reasonable doubt to acquit him;* in other words, it takes 12 men to arrive at a verdict, and unless 12 men arrive at a verdict one way or another it is a hung jury or a mistrial."

Defendant duly excepted to all of the foregoing instruction down through the italicized portion. If it be conceded, for the argument, that the italicized clause was erroneous and prejudicial, yet, since the preceding clause was a correct statement of the law, the exception to the whole cannot be sustained. 4 Michie's Dig. 475, § 583, collecting the authorities.

[2] But we think that even the italicized clause, though capable of misconstruction, is, when properly read and understood, entirely correct in its statement of the law. Its ambiguity lies in the possibly variant phrasings of the words used. Their proper allocation, as evidently intended by the judge, and in harmony with the other portions of his charge, may be indicated as follows: "And it takes 12 men to believe that he is not—'guilty beyond a reasonable doubt.'" Thus understood, it is manifestly

correct. Appellant's construction, on the other hand, may be indicated as follows: "And it takes 12 men to believe that he is 'not guilty'—beyond a reasonable doubt." Or, paraphrasing, "it takes 12 men to believe, beyond a reasonable doubt, that he is not guilty." Thus understood, it would, of course, be manifestly and grossly erroneous. Instead of excepting to the charge, appellant should have moved for an explanatory instruction removing the ambiguity complained of.

It results that the overruling of the exception was without error, either technical or actual.

The other rulings presented for review by this appeal are identical with rulings considered by us in the case of Dan Whittle v. State, post, p. 639, 89 South. 43, and determined adversely to appellant.

We find no error in the record, and the judgment of conviction will be affirmed.

Affirmed.

All the Justices concur.