(89 South. 55)

**JOHNSON v. STATE. (7 Div. 112.)**

(Supreme Court of Alabama. May 12, 1921.)

1. **Criminal law** ⚙️1104(3)—**Transcript should not contain order for special venire.**

Under Acts 1915, p. 708, amending Code 1907, § 6256, transcript on appeal in a homicide case should not contain the order of the court for the special venire and fixing the date of the trial of the defendant; no question thereon being raised in the trial court.

2. **Criminal law** ⚙️1090(16) — **No review of motion for new trial, in absence of bill of exceptions.**

A motion for new trial in a homicide case, because one of 12 jurors that tried case was member of grand jury that returned the indictment, cannot be reviewed, in the absence of a bill of exceptions.

3. **Homicide** ⚙️335—**Confusing order as to drawing of jurors in capital case held not reversible error.**

In a homicide case, where defendant was convicted of first degree murder and his punishment fixed at death, a confusing allusion in an order setting the case for trial as to the jurors constituting the venire *held* not reversible error.

Miller and Sayre, JJ., dissenting.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Lewis Johnson was convicted of murder, and he appeals. Affirmed.

J. Q. Smith, Atty. Gen., for the State.

McCLELLAN, J. [1-3] The appellant has been adjudged guilty of murder in the first degree, and his punishment fixed at death. His appeal is on the record only; no bill of exceptions appearing in the transcript. Under the act of September 22, 1915, amending Code, § 6256, the transcript "should not have contained the order of the court for the special venire, or fixing the date for the trial of the defendant, no question thereon being raised in the trial court." Paitry v. State, 196 Ala. 598, 72 South. 36. The motion for a new trial cannot be reviewed, in the absence of a bill of exceptions. Nevertheless, had the question been appropriately raised in the court below and presented here, it is quite evident that no reversible error could be pronounced as for the confusing allusion in a part of the order of June 30, 1920, to the "regular" jurors drawn for the week during which this defendant's trial was set. The record is self-correcting in that respect; and the defendant was accorded a special venire as required by law.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

MILLER, J. (dissenting). The defendant, Lewis Johnson, was indicted, tried, and convicted of murder in the first degree. His punishment was fixed at death. There is no bill of exceptions in the transcript. No testimony is before this court; no brief by appellant or appellee on file. There is in the record an oral charge of the court and written charges given at the request of the defendant. These declare the law clearly, correctly, and forcibly on subjects of murder, manslaughter, and self-defense. The record contains motion for new trial and a few ex parte affidavits in regard to it. All of the matters therein should have been presented to the court during the trial or before the verdict, a ruling secured thereon, and, if adverse to the defendant, exception reserved and presented by bill of exceptions with the testimony, signed by the presiding judge.

To illustrate: The defendant moves for

---

new trial, because one of the 12 jurors that tried the case was a member of the grand jury that returned the indictment. The affidavits prove it. He was not a competent juror. This man should not have been on the jury. The court no doubt would have excused him, if objection had been made, or the court had known it before he was sworn as a juror. It comes too late after the trial is over. Harris v. State, 177 Ala. 17, 59 South. 205; Daniels v. State, 88 Ala. 220, 7 South. 337.

There is nothing left except the record proper. We have read it. It shows the following orders in this case, made before the defendant appeared with an attorney, before an attorney was appointed to defend him, and before he was arraigned on the indictment, to-wit:

"Judgment.

"On this the 30th day of July, 1920, the judge of said court deeming it advisable to set two capital felony cases for trial on the same day, it is considered, ordered, and adjudged by the court that the case of State of Alabama v. Allison Griffin and also the case of State of Alabama v. Lewis Johnson be and the same are hereby set down for trial for the 3d day of August, 1920, of the present term of this court, and that one special venire of 25 special jurors, together with the 45 regular jurors drawn for the week commencing on Monday, the 2d day of August, 1920, shall constitute the venire from which shall be selected a jury to try the issues in the case of the State of Alabama v. Allison Griffin and also in the case of the State of Alabama v. Lewis Johnson."

Section 32 of the act approved September 29, 1919 (Gen. Acts 1919, p. 1039), authorizes the judge of a court trying capital felonies to set two or more capital cases for trial on the same day when he deems proper, and to draw and have summoned one venire facias for the trial of all such cases. But this must be done with the defendant present in open court, with his attorney, and after arraignment. If the defendant is charged with a capital offense, has no attorney— as in this case—and is unable to employ one, the court must appoint one, and this should be done before any orders are made. It is the first step to be taken. The defendant and his attorney should be present in court when all orders therein are made, unless the law should expressly otherwise direct. Section 7839, Code 1907.

Immediately after the foregoing order, on the very next line of the minutes of the court, is the following:

"On this the 30th day of July, 1920, came J. B. Sanford, solicitor, who prosecutes for the state of Alabama, and also came the defendant, and the defendant being without counsel and unable to employ same, it is considered, ordered, and adjudged by the court that Earle Montgomery, Esq., be and he is hereby appointed to represent and defend the defendant in the trial of this case. And the defendant, being arraigned upon said indictment in open court, for plea thereto says that he is not guilty; and the defendant being charged with a capital offense, it is now considered, ordered, and adjudged by the court that this case be and the same is hereby set down for trial for the 3d day of August, 1920, of the present term of this court. It is further considered, ordered, and adjudged by the court that a special venire of 25 special jurors be drawn and summoned according to law, which together with the 45 special jurors be drawn and summoned according to law, which together with the 45 regular jurors drawn for the week commencing on the 2d day of August, 1920, of the present term of this court, shall constitute the venire from which shall be selected the jurors to try the issues in the case of the State of Alabama v. Lewis Johnson. It is further considered, ordered, and adjudged by the court that the sheriff of said county serve upon the defendant Lewis Johnson forthwith a copy of the indictment in this case, together with a list of the names of all the jurors drawn for the week commencing on the 2d day of August, 1920, and a list of the names of all the special jurors to be drawn according to law as aforesaid."

There are two defendants—Allison Griffin and Lewis Johnson; the cases are separate. Names of both defendants are mentioned in the former order. There is no statement of this or any other case, with the offense charged, at the head of the minutes. This last order refers to "defendant." Which one is intended? From this it is uncertain whether the defendant Lewis Johnson or Allison Griffin appeared in court. It is uncertain which one the attorney was appointed to represent. It is uncertain which one was arraigned. It is uncertain which one's case was set. The name of Lewis Johnson as defendant does not appear in this order, until it comes to fixing the venire to try the case; then, and not until then, is his name mentioned. If the defendant has no attorney, and is unable to employ one, the court must appoint. The defendant must be arraigned before the case is set for trial. If he should plead guilty, no special venire will be necessary. Sections 7839, 7264, and 7565, Code 1907; Howard v. State, 165 Ala. 18, 50 South. 954.

The law—Acts 1919, p. 1039, § 32—requires the court by order to fix the number of jurors in capital cases. It must be not less than 50 and not more than 100. It must include those drawn as regular jurors for the week the case is set for trial, and enough special jurors to be drawn to complete the number fixed. Was this done in this case? read the order. What number does it fix? It looks like 25 specials, then 45 specials, and then 45 regular jurors drawn for week of trial; total, 115. This was 15 more than the law allows. Did it mean 25 specials, or 45 specials—not both; if so, which? The

number fixed must be definite. It must include the 45 regular jurors drawn for the week the case is set for trial; and, if it intended 25 specials to be added, then the number would be 70; if it intended 45 specials, then the number would be 90; if it intended 25 specials and 45 specials, and 45 regulars drawn for the week of the trial, then it would fix 115 as the number. If the 45 specials were inadvertently and unintentionally placed therein, which is perhaps correct, then the number would be 25 specials and 45 regular jurors drawn for the week of trial—total, 70. This may have been intended. It does not say so.

Then it directs the sheriff to serve on the defendant a copy of the indictment, a list of names of all the jurors drawn for the week commencing August 2, 1920, and "list of the names of all the special jurors to be drawn according to law as aforesaid"—not the 25 special jurors, not the 45 special jurors, not the 70 special jurors, but "all the special jurors to be drawn according to law as aforesaid." Could a defendant or his attorney tell clearly and definitely from the foregoing orders what number of jurors was really fixed by the court to constitute the venire? We think not. This is a fatal defect in the record. It must be fixed—a certain number not less than 50 and not more than 100—by the court. Section 32, p. 1039, Acts 1919.

The court after this makes another order. It may be it is intended to interpret the other orders. Was the defendant in this case and his attorney present when this last one was entered of record? The record does not answer the question. This third order in this case follows the last order above set out in the minutes, and reads as follows:

"State of Alabama, Talladega County.

"Circuit Court of said County.

"An indictment having been returned into said court, charging one Lewis Johnson with the offense of murder in the first degree, and the said defendant being in custody, and having been duly arraigned upon said indictment, and having pleaded thereto on the 30th day of July, 1920, and the said case having been set down for trial in this court for the 3d day of August, 1920, and an order made and entered for special venire of 25 special jurors to be drawn, which said 25 special jurors, which together with the regular jurors drawn for the week commencing on the 2d day of August, 1920, shall constitute the venire from which shall be selected a jury to try the issues in said case of the State of Alabama v. Lewis Johnson, now, the jury box of said county being produced in open court, the judge of said court in open court draws from said jury box the names of the following: [Here follows names (25) of those drawn.]

"It is now, therefore, ordered by the court that the clerk of this court issue a venire to the sheriff of said county, directing him to summon said persons to appear in this court on the 3d day of August, 1920, to serve as special jurors in the trial of the case of the State of Alabama v. Lewis Johnson.

"It is further ordered by the court that the sheriff of said county forthwith serve upon the defendant Lewis Johnson a list of the names of all the jurors drawn for the week commencing on the 2d day of August, 1920, and a list of the names of the special jurors drawn for the trial of said case of the State of Alabama v. Lewis Johnson, together with a copy of the indictment in said case."

This order may show what the court intended to do, what number it intended to fix; but the prior record is different. The fatal mistake had been made. The entire record should correspond. It does not in this case. It is too indefinite and uncertain as to the recitals of essentials necessary in a capital case to appear clearly in the minutes of the court. Acts 1919, p. 1039, § 32; sections 7839, 7565 and 7264, Code '1907.

SAYRE, J., concurs.