(96 South. 709)

### WHITE v. STATE.   (6 Div. 904.)

(Supreme Court of Alabama.   May 31, 1923.)

**1. Criminal law ⊛⟶1144(8) —Order for special venire or fixing day of trial presumed regular where not questioned at trial.**

In view of Code 1907, § 6256, as amended by Gen. Acts 1915, p. 708, providing that the court's order for a special venire or fixing the day of trial shall not be set out in the transcript, unless some question thereon was raised, such proceedings, in the absence of such question, are presumed to have been regular and legal.

**2. Criminal law ⊛⟶631(11)—Defendant waiving special venire waives service of copy.**

By waiving a special venire, under Code 1907, § 7264, defendant waives service of a copy thereof.

**3. Criminal law ⊛⟶1086(8)—Order for service of copy of indictment on defendant need not appear of record.**

Since the order for a special venire or fixing the day for trial need not be set out in the transcript (Code 1907, § 6256, as amended by Gen. Acts 1915, p. 708), the order usually embraced therein that a copy of the indictment be served on defendant as required by Const. 1901, § 6, and Gen. Acts 1919, p. 1041, § 32, need not appear of record, unless some question is raised thereon, even though the record shows that defendant waived such copy.

**4. Criminal law ⊛⟶627(3)—Defendant's demand for copy of indictment must have been denied before he can raise question as to denial of constitutional right.**

Under Const. 1901, § 6, giving accused the right to demand the nature and cause of the accusation "and" to have a copy thereof, it must appear .that his demand was denied before he can raise any question as to denial of his constitutional right to a copy of the indictment.

**5. Homicide ⊛⟶300(14)—Charge as to defendant's right to stand ground and kill, if necessary, properly refused as failing to hypothesize present necessity to shoot or forcible assault.**

In a murder prosecution, a charge that if defendant was free from fault in bringing on the difficulty, and was assaulted by deceased in a way manifestly felonious in purpose, he was under no obligation to retreat, but could stand his ground and kill his adversary, if necessary, was properly refused as failing to hypothesize a present necessity to shoot, or a forcible or murderous assault.

**6. Homicide ⊛⟶118(2)—Party assaulted must retreat if possible without increasing danger unless assault ·is forcible.**

Unless an assault is accompanied by force, the party assaulted must retreat if he can without increasing his danger.

**7. Criminal law ⊛⟶862—Jury cannot base findings on independent knowledge.**

The jury cannot base its finding on independent knowledge of its members or anything except the testimony.

**8. Homicide ⊛⟶300(14)—Refused charge held defective as not requiring that finding be based on evidence.**

In a murder prosecution an instruction to acquit "if you believe that the defendant was free from fault in bringing on the difficulty," that he was in imminent danger of death or great bodily harm when he fired, etc., ·held defective as not requiring that the finding be based on. the evidence.

**9. Homicide ☞160—Question whether witness saw defendant with weapon about half hour before shooting held proper.**

In a murder prosecution the solicitor's question as to whether the witness, who testified that he talked with defendant about half an hour before the shooting, saw him with a weapon, *held* proper as calling for admissible testimony tending to show defendant's preparation and intent to commit the offense.

**10. Criminal law ☞696(2), 1169(1)—Question to which answer was not responsive not prejudicial to defendant; motion to exclude necessary where answer not responsive.**

In a murder prosecution, the solicitor's question as to whether the witness saw defendant with a weapon about half an hour before the shooting *held* not prejudicial to defendant, where the reply was that he saw defendant with a pistol after the shooting, the proper course for defendant's counsel being to have moved to exclude the answer as not responsive.

**11. Homicide ☞158(1) — Question whether witness heard defendant say anything about deceased held proper.**

In a murder prosecution, the solicitor's question as to whether the witness heard defendant say anything about deceased while talking with him about half an hour before the shooting *held* proper, the state having the right to show defendant's threats or ill will toward deceased.

**12. Criminal law ☞1169(8) — Question to which witness made answer favorable to defendant not prejudicial error.**

In a murder prosecution, the solicitor's question as to whether the witness heard defendant say anything about deceased half an hour before the shooting, to which he replied that he did not except that defendant was telling him about deceased and another who jumped on him and came up to the witness' house to apologize, *held* not prejudicial to defendant, to whom the answer was favorable.

**13. Homicide ☞169(3)—Defendant in murder prosecution may show general nature and gravity, but not details, of previous difficulty with deceased.**

One prosecuted for murder may show the general nature and gravity of a previous difficulty with deceased, but may not relate the details thereof.

**14. Homicide ☞338(1)—Exclusion of testimony as to gravity of defendant's injuries in prior fight with deceased held not reversible error.**

In a murder prosecution, where the court stated to defendant's counsel, after he excepted to a ruling sustaining objections to questions whether defendant was beaten up in a fight with deceased, his face badly cut and bruised, and his eyes closed that he wanted the record to show that he permitted counsel to go into the gravity of the difficulty only to the extent of showing whether it was a fist fight, a fight with weapons, or merely a play of words, and counsel asked no further questions and interposed no objection, the ruling was not reversible error.

**15. Criminal law ☞1059(1)—Exception to part of oral charge designated only by opening words insufficient.**

An exception to a part of the court's oral charge beginning, "The contention of the state is," etc., without stating the remainder of the charge, is insufficient.

**16. Criminal law ☞770(1)—Court may state to jury general tendencies of evidence, or theories of defense and prosecution.**

The court may state to the jury the general tendencies of the evidence, or the theories of the defense and prosecution.

Appeal from Circuit Court, Jefferson County; Ben D. Turner, Judge.

Charlie White, alias Sweet, was convicted of murder in the second degree, and he appeals. Affirmed.

Charges 1 and 3, refused to defendant, read:

"1. I charge you, that if you believe from the evidence that the defendant was free from fault in bringing on the difficulty and was assaulted by the deceased in a way that was manifestly felonious in its purpose, the defendant then would be under no obligation to retreat, but could, if necessary, stand his ground and kill his adversary.

"3. If you believe that the defendant was free from fault in bringing on the difficulty and that the defendant was in imminent danger of death or great bodily harm at the time the fatal shot was fired, or if not actually in such danger, that the circumstances surrounding him were such as to create in the mind of a reasonable man the honest belief that he was in such danger, you must acquit him."

M. H. Murphy, of Birmingham, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The order of the court for a special venire, or fixing day for the trial, shall not be set out in the transcript, unless some question thereon was raised before the trial court, and in the absence of any such question such proceedings, on appeal, are presumed to be regular and legal. Charley v. State, 204 Ala. 687, 87 South. 177; Code 1907, § 6256; Acts 1915, p. 708. In the absence from the record of anything to the contrary, it will be presumed that defendant was served with a list of jurors and a copy of the indictment. Mitchell v. State, 58 Ala. 417; Shelton v. State, 73 Ala. 5. Charge 1 was properly refused. Dupree v. State, 33 Ala. 380, 73 Am. Dec. 422; Storey v. State, 71 Ala. 329. A charge, not requiring the finding of the jury to be based on the evidence, is defective. Edwards v. State, 205 Ala. 160, 87 South. 179. The trial court has the right to state the theories of defense and prosecution to the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

jury. Hawes v. State, 88 Ala. 37, 7 South. 302.

THOMAS, J. The indictment and trial were for murder in the first degree. There was conviction of murder in the second degree, and the punishment fixed by the jury was that defendant suffer imprisonment in penitentiary "for 25 years."

The appeal is upon the record, which contains a waiver by defendant, and his counsel, of a special venire, and waives "the service of a certified copy of the indictment, and * * * of a copy of the regular and special venire upon him," and "requests and agrees that said cause be set for trial as early as may be convenient." Such are the questions presented for decision by the appeal.

[1] It is provided by section 6256 of the Code of 1907, as amended (Gen. Acts 1915, p. 708), that the order of the court for a special venire or fixing the day of the trial of the defendant shall not be set out in the transcript, unless some question thereupon was raised before the trial court, and, in the absence of any such question, such proceedings are upon appeal presumed to have been regular and legal. Charley v. State, 204 Ala. 687, 87 South. 177; Whittle v. State, 205 Ala. 638, 89 South. 84; Johnson v. State, 205 Ala. 665, 89 South. 55.

[2] It is recited that the defendant waived the drawing and subpœnaing of a special venire of jurymen for the trial of this cause. The defendant had the right to waive a special venire under section 7264 of the Code of 1907, and necessarily thereby waived the service of a copy of the special venire upon him, for the reason that there was no special venire. Patterson v. State, 202 Ala. 65, 66, 79 South. 459; Burton v. State, 194 Ala. 2, 69 South. 913; Washington v. State, 188 Ala. 101, 66 South. 34; McSwean v. State, 175 Ala. 21, 57 South. 732.

[3] The defendant also waived the service of a copy of the indictment. Section 6 of the Constitution provides that the defendant has the right "to demand the nature and cause of the accusation and to have a copy thereof." General Acts 1919, § 32, p. 1041, also provide that the court must cause a list of the names of all the jurors drawn for the week in which the trial is set, and those drawn as provided in that section, "together with a copy of the indictment," to be served on the defendant by the sheriff, etc.

In the case of Mitchell v. State, 58 Ala. 417, the court held that in the absence of any objection in the court below, or anything in its records showing the contrary, it will be presumed that a copy of the indictment and list of jurors were duly served upon the prisoner before trial, as required by law. In Shelton v. State, 73 Ala. 5, it was also held that the record on appeal in a capital case need not show affirmatively that the prisoner was served, as required by the statute, with a copy of the indictment and venire; but, in the absence of any objection in the primary court on that ground, such service will be presumed to have been properly and regularly made.

The record shows that defendant waived arraignment, but the judgment entry shows affirmatively that he was arraigned. The record shows that defendant waived a copy of the indictment; but for aught that appears in the record the court made the order requiring a copy of the indictment to be served on the defendant notwithstanding his waiver, just as the defendant was arraigned notwithstanding the waiver of arraignment. Under the ruling in Mitchell v. State, supra, and Shelton v. State, supra, it will be presumed that an order was regularly made, requiring that a copy of the indictment be served on the defendant.

The proper or usual place for an order for a copy of the indictment to be served upon the defendant is in the order fixing the day for trial, and that fixing a special venire for the case. Inasmuch as in the Acts of 1915, page 708, the order for the special venire, or fixing the day for the trial is not required to be set out in the transcript, and it is customary for the order for a copy of the indictment to be served on the defendant to be embraced in such order, the order need not appear of record unless some question is raised thereon, which was not the case.

[4] With further reference to the waiver of a copy of the indictment by counsel and the defendant, section 6 of the Constitution gives the accused a right "to demand the nature and cause of the accusation; and to have a copy thereof." (Italics supplied.) A demand must therefore be made by the defendant, and it must appear that his demand was denied, before any question can be raised by him that he was denied the enjoyment of such constitutional rights.

It will be recalled that the court, in the case of Wade v. State, 207 Ala. 1, 3, 92 South. 101, 102, held that a defendant could not waive the constitutional right of a public trial. It affirmatively appeared in that case that:

"The trial court denied the presence of all parties in the courtroom during the trial or during the taking of the testimony, except those who are related and those who are officers of the court, either as attorneys or officers, whose duty it may be to come in during the course of the trial."

The defendant had a constitutional right to a public trial, which the court says he could not waive. He also had a constitutional right under section 6 of the Constitution, "to have a copy" of the indictment. The difference, however, between the instant

case and Wade v. State, supra, is that it affirmatively appears from the face of the record in the latter case that the court denied to the defendant a constitutional right, while in the instant case, for aught appearing in the record, the defendant had the benefit of the constitutional right, on demand, of having a copy of the indictment. It nowhere appears in the record that he did not get a copy of the indictment, or that an order for it to be served upon him was not made. Under the holding in Mitchell v. State, supra, and Shelton v. State, supra, it will be presumed that such order was made.

[5, 6] Charge 1 was properly refused for the failure to hypothesize a present necessity for the defendant to shoot, or a forcible or murderous assault. The assault referred to may have been at some other time, and not immediately preceding and at the time it is sought to instruct the jury that the defendant had the right to "stand his ground and kill his adversary." In other words, the assault is not limited to the time of the shooting. Moreover, the assault must be accompanied by force, else the defendant is required to retreat if he can do so without increasing his danger.

In the case of Dupree v. State, 33 Ala. 380, 389 (73 Am. Dec. 422), a charge somewhat similar to the one here involved was under consideration, and the court declared:

"The charges asked might have misled the jury, by making the impression upon them that the plea of self-defense was sustained, although there was not a reasonable belief of a present necessity to strike for his own protection. This court will never reverse for the refusal of a charge, the tendency of which is to mislead the jury."

In Storey v. State, 71 Ala. 329, 336, the court holds that an important principle of the law of homicide governing cases of mere assault or of mutual combat where the attacking party, as expressed by Mr. Bishop (1 Bish. Cr. Law, § 850), has not "the purpose of murder in his heart," is that the right of self-defense does not arise until the defendant has availed himself of all proper means in his power to decline the combat by retreat, provided there be open to him a safe mode of escape. The court, however, held that where "the assault is manifestly felonious in its purpose and forcible in its nature, as in murder, rape, robbery, burglary, and the like, as distinguished from secret felonies, like mere larceny from the person, or the picking of one's pocket, the party attacked is under no obligation to retreat," but he may in such case, "if necessary, stand his ground and kill his adversary." It is further stated that this principle, when applied to an attack made with a deadly weapon, "must be limited to those cases where the attack with the deadly weapon is made under such circumstances or surroundings as to reasonably

justify the conclusion that the party assailed, by retreating, will apparently put himself at a disadvantage." This case further held that to enable one charged with homicide to make out a case of self-defense the circumstances surrounding him at the time of the fatal act must be such as to have created in his mind a reasonable belief, well founded and honestly entertained, of his own present and immediate peril, and of the urgent necessity, to take the assailant's life as the only alternative of saving his own, or of preventing the infliction of bodily harm (Kuykendall v. Edmondson, 208 Ala. 553, 94 South. 546), and of the existence of these facts the jury must be the judge. Upon an examination of refused charge 1, it is faulty in respects (1) that it does not show a present assault or a present necessity to strike, and (2) that the charge does not hypothesize that the assault shall be a sudden murderous or forcible attack.

[7, 8] Refused charge 3 is defective for the reason that the finding of the jury is not required to be based on the evidence in the case. The jury cannot base its finding upon independent knowledge on the part of the jurors, or on anything except the testimony in the case, and this charge does not require that the finding of the jury be based upon the evidence. Edwards v. State, 205 Ala. 160, 87 South. 179.

[9, 10] The record further discloses that James Buchanon testified that he was talking with the defendant about half an hour or so before the shooting, and the solicitor asked him: "Did you see him with a weapon of any kind?" The defendant objected to this question on general grounds, and reserved an exception to the action of the court in overruling the objection. This question called for testimony which was admissible. The state had the right to show that the defendant had the weapon at the time indicated, on the theory that it tended to show a preparation on the part of the defendant, and an intent on his part to commit the offense. The answer to the question, however, was not responsive, as the witness stated that he saw defendant with a pistol after he did the shooting, because he (defendant) gave it to the officer. The question propounded by the solicitor was therefore not answered, and if the objection had been a tenable one the defendant was not injured. The proper course for defendant's counsel to have pursued was to have moved the court to exclude the answer.

[11, 12] The solicitor asked the same witness the question "Did you hear him [defendant] say anything about Taylor Thomas [the deceased]?" Objection was interposed to the question, that it was incompetent, irrelevant, and immaterial. The state had the right to develop threats or ill will, if such existed, or were made by defendant about deceased,

Moreover, the answer to the question was favorable to the defendant in that witness stated that he did not hear the defendant say anything about the deceased further than that he was telling the witness about the deceased and the other boy that jumped on him and came up to the house of the witness to apologize.

[13, 14] The defendant's counsel, having asked defendant's witness Temerson, on direct examination, about a difficulty between the defendant and the deceased some time previous to the homicide, propounded this question to the witness, "Was Charlie White beaten up in that fight?" and, also, if, after the previous difficulty, defendant's "face was not badly cut and bruised and his eyes closed up as a result of the beating about the face and head?" The court sustained the state's objections to these questions, and it is recited that the defendant "duly excepted." Thereupon the court made the following statement to defendant's counsel:

"I want the record to show, Mr. Murphy, the court permits you to go into the gravity of the difficulty to the extent you may show whether it was a fist cuff fight or fight in which weapons were used, or there was a play of words where no actual assaults were committed."

It is an established principle of law that the defendant has the right to show the general nature and gravity of a previous difficulty, but that he may not relate the details of such difficulty. After the court stated to the defendant that he could show the general nature and gravity of the offense counsel asked no further questions, nor interposed any objection to the statement of the court.

[15, 16] It appears that defendant's counsel reserved an exception to that part of the oral charge of the court reading as follows: "The contention of the state is," etc. This is not as required by the rule that obtains. Knowles v. Blue (Ala. Sup.) 95 South. 481;[1] Ex parte Cowart, 201 Ala. 55, 77 South. 349. Moreover, the court has the right to state to the jury the general tendencies of the evidence, or the theories of the defense and of the prosecution. Evidently that is what the court was doing, although the expression to which exception was reserved is meaningless, and certainly no error could be predicated upon such exception. As to the right of the court to state the theories of defense and prosecution to the jury, see Hawes v. State, 88 Ala. 37, 7 South. 302; Eubanks v. State, 2 Ala. App. 61, 64, 56 South. 88.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.