## CRUTCHER v. STATE. (6 Div. 338.)

(Court of Appeals of Alabama. Dec. 18, 1923. Rehearing Denied Jan. 15, 1924.)

1. **Criminal law** &#x21D0;1144(½)—**Orders not questioned at trial need not be set out in record, regularity being presumed.**

Where no question was raised on the trial as to orders for a special venire and fixing the day of trial, it was not necessary to set them out in the record; their regularity being presumed, under Acts 1915, p. 708.

2. **Indictment and information** &#x21D0;110(52) — **Count in statutory form, except as to description of place from which money was taken, held sufficient.**

A count charging robbery in the language of Code 1907, § 7161, form 96, except as to the place from which the money was taken, which was described as a cash register in the

presence of the owner of the property, *held* sufficient; such description being within the rule making the charge one of robbery.

**3. Robbery ☞17(6) — Indictment need not charge that property was carried away.**

An indictment for robbery need not charge that the property forcibly taken was carried away.

**4. Criminal law ☞517(1)—Voluntary confession admissible.**

A voluntary confession is admissible.

**5. Criminal law ☞1160 — Overruling motion for new trial held not error, in view of presumptions.**

Overruling a motion for new trial *held* not error, in view of the presumptions in favor of the findings of the court, who had the opportunity to observe the demeanor of the parties and witnesses, and had the benefit of the atmosphere of the trial.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Thomas E. Crutcher was indicted for robbery. From a conviction of grand larceny, he appeals. Affirmed.

The second count of the indictment is as follows:

"(2) The grand jury of said county further charge that, before the finding of this indictment, Thomas E. Crutcher feloniously took three five dollar bills of the lawful paper currency of the United States of America, and ten fifty cent pieces of the silver coin of the United States of America, and sixty-five one dollar bills of the lawful paper currency of the United States of America, the property of George Hagopian, from a cash register, in the presence of the said George Hagopian, who at the time had said property under his direct, physical, personal control, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the state of Alabama."

W. M. Woodall, of Birmingham, for appellant.

In a case of this character, the record should show affirmatively a compliance with the requirements of the statute as to jury for trial of the case. Smith v. State, 11 Ala. App. 153, 65 South. 693; Acts 1919, p. 1041. The second count of the indictment was defective in failing to charge the taking from the person named, and the carrying away of such property. Henderson v. State, 172 Ala. 415, 55 South. 816; Thomas v. State, 91 Ala. 34, 9 South. 81; Stone v. State, 115 Ala. 121, 22 South. 275. Confessions are prima facie involuntary, and not admissible unless shown to be voluntary. Sample v. State, 1 Ala. App. 89, 56 South. 30. On hearing of a motion for a new trial in a criminal case, the trial judge should exclude nothing legitimately bearing on the case. 20 R. C. L. 311; State v. Jones, 89 S. C. 41, 71 S. E. 291,

Ann. Cas. 1912D, 1298; Fries v. Acme White Lead Co., 201 Ala. 613, 79 South. 45.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] No question having been raised on the trial as to the order of the court for a special venire or fixing the day of trial, it is not necessary that these orders of the court be set out in the record. They are presumed to have been in all things regular. White v. State, 209 Ala. 546, 96 South. 709; Acts 1915, p. 708.

[2, 3] Count 2 of the indictment follows the language of Code 1907, § 7161, form 96, except as to the description of the place from which the money was taken. As to this the description comes within the rule making the charge one of robbery. The second count was not subject to the demurrer. In an indictment charging robbery, it is not necessary to charge that the property forcibly taken was carried away.

[4] The evidence shows that the confession made by the defendant was voluntary and therefore was admissible. The record shows that the court ascertained the confession to have been voluntarily made before such confession was admitted. The other questions raised on admission of evidence are free from error.

[5] On application for new trial the presiding judge evidenced a degree of patience and leniency towards the defendant in the preparation and presentation of evidence to an unusual degree. He had all the parties and witnesses before him, had the opportunity to observe their demeanor, and had the benefit of the "Atmosphere of the trial."

Giving to the findings of the court presumptions to which they are entitled, we cannot say that the court erred in overruling the motion. We find no error in the record, and the judgment is affirmed.

Affirmed.