(105 So. 714)

**ADAMS v. STATE. (4 Div. 88.)**

(Court of Appeals of Alabama. May 12, 1925. Rehearing Denied June 9, 1925.)

1. **Criminal law ⬅➡386—Homicide ⬅➡171(2) —Measurement of distances with speedometer at place where homicide occurred competent evidence.**

Measurements of distances with speedometer in and about place where homicide occurred were relevant and competent as part of locus in quo.

2. **Criminal law ⬅➡1036(1)—Objection to responsive answers, given without objection, cannot be made on appeal.**

Where answers given without objection were responsive to questions, objection on appeal was too late.

3. **Criminal law ⬅➡789(15)—Refusal of charge requiring acquittal, if there was reasonable probability of defendant's innocence, held proper.**

In prosecution for murder, charge that, if there was reasonable probability of innocence of defendant, jury should acquit him held properly refused.

---

**4. Homicide ⊚⇒300(15) — Charge as to defendant's right to stand his ground and kill adversary properly refused.**

In prosecution for murder, charge that if jury believed defendant was free from fault in bringing on difficulty and could not have retreated without increasing peril, and deceased was, at time he was shot, making felonious assault on defendant, that defendant would be under no obligation to retreat, but might stand his ground and kill his adversary, *held* properly refused.

**5. Homicide ⊚⇒307(4) — Charge that defendant should be acquitted, unless jury was convinced of truth of every material allegation of indictment, properly refused.**

In prosecution for murder, charge that burden was on state to convince jury from evidence beyond reasonable doubt and to moral certainty of truth of every material allegation of indictment, and in case of failure to do so, defendant should be acquitted, *held* properly refused, because all degrees of homicide are embraced in indictment for murder in first degree.

**6. Homicide ⊚⇒300(3) — Charge concerning reasonable doubt as to whether killing was done in self-defense held properly refused.**

In prosecution for murder, charge that if on the evidence jury could not say beyond reasonable doubt whether defendant could have retreated with reasonable safety, or that he reasonably believed it necessary to take deceased's life to save himself, or that he struck before such necessity arose, such would be doubt as would entitle defendant to acquittal, *held* properly refused.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Curtis Adams was convicted of murder in the second degree, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Adams, 213 Ala. 570, 105 So. 715.

These charges were refused to the defendant:

"C. The court charges the jury that if there is a reasonable probability of the innocence of the defendant, they should acquit him."

"5. I charge you that if you believe from the evidence that the defendant was free from fault in bringing on the difficulty, and that he could not have retreated without increasing his peril, and further believe from the evidence that deceased was, at the time he, was shot, making a felonious assault upon the defendant, that in that event the defendant would be under no obligation to retreat. But he may, if necessary, stand his ground and kill his adversary."

"10. I charge you that the burden is upon the state to convince you from the evidence, beyond a reasonable doubt, and to a moral certainty, of the truth of every material allegation of the indictment, and if the state has failed to do this, you should acquit the defendant."

"12. I charge you that if after looking at all of the evidence in the case, your minds are left in such state of uncertainty, that you cannot say beyond a reasonable doubt whether the defendant could have retreated without increasing his peril or with reasonable safety, or that he acted upon a well-founded and reasonable belief that it was necessary to take the life of deceased to save himself from great bodily harm or death, or that he struck before such impending necessity arose, then this is such a doubt as would entitle the defendant to an acquittal, and you should so find."

E. C. Boswell, of Geneva, for appellant.

Only facts which logically tend to prove or disprove the fact in issue are deemed relevant as evidence. Stewart v. State, 63 Ala. 199; Parker v. State, 153 Ala. 25, 45 So. 248; Glass v. State, 147 Ala. 50, 41 So. 727; Hadnot v. State, 3 Ala. App. 102, 57 So. 383. Defendant's requested charges on the duty to retreat should have been given. Gray v. State, 171 Ala. 37, 55 So. 124; Hubbard v. State, 172 Ala. 374, 55 So. 614; Caldwell v. State, 160 Ala. 96, 49 So. 679; Twitty v. State, 168 Ala. 59, 53 So. 308; Kennedy v. State, 140 Ala. 1, 37 So. 90; Bluett v. State, 151 Ala. 41, 44 So. 84; Hammil v. State, 90 Ala. 577, 8 So. 380; Deal v. State, 136 Ala. 52, 34 So. 23; Cox v. State, 17 Ala. App. 205, 96 So. 83. Charge 12 is correct, and should have been given. Chaney v. State, 178 Ala. 44, 59 So. 604; Harris v. State, 96 Ala. 24, 11 So. 255.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charge C is bad. Edwards v. State, 205 Ala. 160, 87 So. 179. Felonious assault is not sufficient; it must be accompanied by force. Charge 5 was correctly refused. White v. State, 209 Ala. 546, 96 So. 709. Different degrees of homicide are embraced in the charge of murder in the first degree. Charge 10 was properly refused. 4 Michie's Ala. Dig. 425. Charge 12 omits freedom from fault. Gaston v. State, 161 Ala. 37, 49 So. 876. Where no objection is made to a question, a motion to exclude the answer comes too late. Kirby v. State, 16 Ala. App. 467, 79 So. 141; Null v. State, 16 Ala. App. 542, 79 So. 678.

SAMFORD, J. [1, 2] Measurements of distances in and about the place where the homicide occurred, by and with a speedometer, were relevant and competent as a part of the locus in quo. Moreover there were no objections to the questions calling for this evidence, and, the answers being responsive to the questions asked, the objections came too late.

We have examined the other objections and exceptions taken to rulings of the court on the admission of evidence. In each instance the rulings of the court were so obviously without error as not to need a detailed discussion or citation of authority.

[3-6] Refused charges A and 2 are covered in given charge 3 and in the court's oral charge. Refused charge B is substan-

tially covered by given charge 2. Refused charge C is condemned in Edwards Case, 205 Ala. 160, 87 So. 179. Charge 5 is held to be bad in White v. State, 209 Ala. 546, 96 So. 709. Charge 10 was properly refused for the reason that all the degrees of homicide are embraced in the indictment for murder in the first degree. 4 Mich. Dig. p. 425, § 541 (3). Charge 12 is condemned in Gaston's Case, 161 Ala. 37, 49 So. 876.

The defendant appears from the record to have received a fair and an impartial trial, such as the law contemplates should be given to every person charged with crime, as a result of which the defendant received a sentence tempered with much mercy. The motion for new trial was properly overruled.

We find no error in the record, and the judgment is affirmed.

Affirmed.