## CHERRY v. STATE. (5 Div. 933.)

(Supreme Court of Alabama. May 6, 1926.)

**1. Criminal law ⚖══1104(3), 1144(9).**

Transcript on appeal need not disclose order fixing day for trial of accused nor order for special venire unless question was raised thereon before trial court; such proceedings being presumed legal and regular, in view of Code 1923, § 3249, and Supreme Court Rule 27.

**2. Criminal law ⚖══1104(3), 1144(11).**

Transcript on appeal need not disclose presence of accused in court on day when trial date was set, though such fact properly may appear in order fixing trial date, since order need not appear in transcript, in view of Code 1923, § 3249.

**3. Criminal law ⚖══995(2).**

Judgment of court fixing guilt of accused in accordance with jury's verdict and pronouncing upon him sentence of law, is sufficient.

**4. Criminal law ⚖══1144(½).**

Code 1923, § 3249, providing that certain proceedings incidental to trial of accused need not be contained in transcript, unless questioned before trial court, but will be presumed legal and regular, *held* not unconstitutional.

Appeal from Circuit Court, Macon County; N. D. Benson, Judge.

Tom (alias J. T.) Cherry was convicted of murder in the first degree, and he appeals. Affirmed.

Joe Brown Duke, of Opelika, for appellant.

The record on appeal must affirmatively show the setting of a date for the trial and the order for the venire. It must also show the personal attendance of the defendant, and that it was the act of the court pronouncing the judgment of the law. Spicer v. State, 69 Ala. 159; Sylvester v. State, 71 Ala. 17; Kinnebrew v. State, 132 Ala. 9, 31 So. 567; Washington v. State, 81 Ala. 35, 1 So. 18; Lomineck v. State (Ala. Sup.) 39 So. 677; 1 Bishop, Cr. Proc. 271; Gray v. State, 55 Ala. 88. Code 1923, § 3249, is void.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

It is unnecessary to set out in the transcript the order of the court setting a day for the trial, or order for copy of venire, unless some question thereon is raised before the trial court. Code 1923, § 3294; White v. State, 209 Ala. 546, 96 So. 709; Charley v. State, 204 Ala. 687, 87 So. 177; Whittle v. State, 205 Ala. 638, 89 So. 48; Johnson v. State, 205 Ala. 665, 89 So. •55; Hardley v. State, 202 Ala. 24, 79 So. 362. In the absence from the record of anything to the contrary, it will be presumed service upon defendant of indictment and copy of venire was had. Mitchell v. State, 58 Ala. 417; Shelton v. State, 73 Ala. 5. The judgment in this case shows a clear and positive adjudication of defendant's guilt and a proper sentence thereon. Sullivan v. State, 208 Ala. 473, 94 So. 473; Talbert v. State, 140 Ala. 96, 37 So. 78; Carmichael v. State, 213 Ala. 264, 104 So. 638.

GARDNER, J. Appellant was convicted of murder in the first degree, and the death penalty imposed. There is no bill of exceptions, and the appeal is upon the record.

[1] It is not now necessary that the transcript on appeal disclose an order fixing a day for the trial of a defendant, nor the order of the court for a special venire, unless some question was raised thereon before the trial court. In the absence of such question, such proceedings are upon appeal presumed to have been regular and legal. Section 3249, Code 1923 (vol. 2, Code 1923); Supreme Court rule 27; White v. State. 209 Ala. 546, 96 So. 709; Whittle v. State, 205 Ala. 638, 89 So. 48.

The authorities relied upon by counsel for appellant (among them Spicer v. State, 69 Ala. 159, and Kinnebrew v. State, 132 Ala. 8, 31 So. 567) antedate the above-cited statute, as now framed. Hardley v. State, 202 Ala. 24, 79 So. 362.

No question as to any of these matters appears to have been raised before the trial court. Indeed, no question or objection as to any matter of procedure or otherwise appears to have been interposed by the defendant, and the presumption of regularity and legality controls.

[2] The presence of the defendant in court when a day was fixed for his trial is a matter properly appearing in the order fixing such day for the trial. As this order is now correctly omitted from the transcript, the case of Sylvester v. State, 71 Ala. 17, holding that defendant's presence in court should, on appeal, be made to affirmatively appear, is without application.

[3, 4] The judgment of the court fixing the guilt of the defendant in accordance with the jury's verdict and pronouncing upon him the sentence of the law is sufficient. Sullivan v. State, 208 Ala. 473, 94 So. 473; Carmichael v. State, 213 Ala. 264, 104 So. 638. We find nothing in the case of Gray v. State, 55 Ala. 86, that at all militates against this conclusion. We find no basis for the suggestion of

unconstitutionality of section 3249, Code, supra.

There being no error in the record, the judgment is affirmed.

Affirmed.

All the Justices concur.