(129 So. 785)

### JACKSON v. STATE.
6 Div. 662.

Court of Appeals of Alabama.
Aug. 19, 1930.

Harsh & Harsh and Francis Hare, all of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce and Luther Patrick, Asst. Attys. Gen., for the State.

**RICE, J.**

In the light of Code 1923, § 3249, there being no question thereon raised before the trial court, the transcript here need not have contained "the order of the court for a special venire," and it might be that we could simply disregard the said "order" as it appears before us. But, in any event, we are of the opinion that the same sufficiently shows the presence in court of the appellant at the time same was made, in all respects as required by law. See Burks v. State, 15 Ala. App. 459, 73 So. 824.

In the opinion in the case of Shields v. State, 128 So. 786,[1] our Supreme Court, speaking through Mr. Justice Brown, said: "No question was raised as to the regularity of the proceedings in respect to a special venire for the appellant's trial, and, in the absence of some question being raised on the trial, the statute creates a presumption that the proceedings in this respect are regular," citing Code 1923, § 3249, and Cherry v. State, 214 Ala. 519, 108 So. 536.

What we have just next above quoted applies in this case, and disposes of, adversely to appellant's contention, his "assignment of error" No. 2.

The other questions argued in appellant's brief, filed here, have each been examined by us. It hardly seems profitable to discuss them seriatim. We think, and hold, that no error, prejudicial to any right of appellant, appears in any ruling made by the trial court.

It accordingly becomes our duty to affirm the judgment appealed from, which we hereby do.

Affirmed.

