154 So. 113

## SCOTT v. STATE.
### 8 Div. 540.

Supreme Court of Alabama.
April 12, 1934.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

THOMAS, Justice.

The appeal presents for review only the record proper. There is no bill of exceptions. The record is made up under Supreme Court rule No. 27, vol. 4, Code of 1923, p. 888; section 3249, Code. It fails to disclose that any

of appellant's mandatory rights were disregarded on the trial; or, if so, that he made objection to such rulings or action of the trial court.

The old rule under the Code of 1896, § 4325, for making a transcript, prescribed that it "need not contain (1) mere orders of continuance, (2) nor the organization of the grand jury which found the indictment, (3) nor the venire for any grand or petit jury, (4) nor the organization of regular juries for the week or term at which the case was tried, *unless some question thereon was raised before the trial-court* (and presented for review); but, in the absence of any such question, such proceedings are, upon appeal, presumed to have been regular and legal." (Italics and numbers supplied.)

The case of Morris v. State, 146 Ala. 66, 82, 41 So. 274, was tried under the old statute, and it was there declared that the requirements of section 5004 of the Code of 1896 were mandatory; that failing to show full compliance therewith in the record proper of a *due drawing* of the special venire was error to reverse. That holding was upon the inspection of the original record, and the question of the sufficiency of the venire was not raised on the trial. We have examined that original record proper, and no objection was made or raised on that trial as to failure to provide and give the defendant a proper venire; and the judgment entry fails to disclose such action as to venire of the grand or petit jury.

We may observe that in the case of Kinnebrew v. State, 132 Ala. 8, 31 So. 567, 568, which was decided before the statutes were amended, it was declared that under these statutes (sections 4325, 5004, Code 1896), in a trial for capital felony, judgment cannot be upheld "unless the record shows affirmatively that a day was set for trial, and that a special jury was drawn" in accordance with the statute, and that section 4325 did not authorize the omission of such part of the record from the transcript, as that part of the record "is not of the class which, under section 4325 of the Code (1896), may properly be omitted from the transcript."

Mr. Justice Denson, the author of the opinion in the Morris Case, supra, observed in Hatch v. State, 144 Ala. 50, 51, 40 So. 113, that under the express provisions of section 4325 of the Code (1896), it was not necessary that the transcript should show the organization of the grand jury which found the indictment, since no question was raised on the trial as to the legal sufficiency of the organization of such jury.

And in Tipton et al. v. State, 140 Ala. 39, 42, 37 So. 231, 232, it was held that it did not appear that defendants raised any question before the trial court as to the organization or drawing of the petit jury; that, under section 4325 of the Code of 1896, such contention, required to be raised on the trial, that the "record here" failed to show any order of the court "directing the summoning of regular jurors for the week at which the trial was had," was without merit, and came too late; that, in the absence of such question before the trial court, it would be presumed on appeal that proper orders were made and due proceedings had, and the jury regularly organized, this presumption being raised by virtue of the statute.

With these decisions construing the earlier statutes (section 6256, Code of 1907; section 4325, Code of 1896), the Code of 1923 was amended by the addition of further classes, which, for convenience, we continue the numbers, as (5) "nor the order of the court for a *special venire*," (6) "or fixing a day for the trial of the defendant;" and concludes as before, "*unless some question thereon was raised before the trial court; but, in the absence of any such question*, such proceedings are, upon appeal, presumed to have been regular and legal." Section 3249, Code 1923; Acts 1915, p. 708. (Italics supplied.)

In Hardley v. State, 202 Ala. 24, 79 So. 362, it was declared that, in view of the General Acts of 1915, p. 708, providing that the transcript *must not* contain "(1) mere orders of continuance, (2) nor the organization of the grand jury which found the indictment, (3) nor the venire for any grand or petit jury, (4) nor the organization of regular juries for the week or term at which the case was tried, (5) nor the order of the court for a special venire, (6) or fixing a day for the trial of the defendant unless some question thereon was raised before the trial court," etc., the proceedings in this case are presumed to have been "regular and legal." This act was so codified as section 3249 of the Code of 1923. (Numbers supplied.)

As so amended, the statute has been held to authorize the omission of the order for a special venire or fixing the day of trial, and, since the order need not be set out in the transcript, the order usually embraced therein that a copy of the indictment be served on defendant as required by section 6 of the Constitution, and Gen. Acts 1919, pp. 1040, 1041 (amending Acts 1909, p. 317, § 32), need not appear of record, unless some question is raised thereon before the trial court. White v. State, 209 Ala. 546, 96 So. 709; Charley v.

State, 204 Ala. 687, 87 So. 177; Whittle v. State, 205 Ala. 638, 89 So. 48; Johnson v. State, 205 Ala. 665, 89 So. 55; Jiles v. State, 218 Ala. 658, 120 So. 147, and authorities.

In the cases of Roan v. State, 225 Ala. 428, 143 So. 454, Spooney v. State, 217 Ala. 219, 115 So. 308, and Stinson v. State, 223 Ala. 327, 135 So. 571, questions as to the sufficiency and regularity of such proceedings in the trial court—the order for venire and the venire on which the case was tried—were duly made and insisted upon; held, such questions and actions on the trial were duly presented to this court for review.

In Catrett v. State, 25 Ala. App. 331, 146 So. 287, 288, it was recognized that the statute requiring certain orders for a special venire in capital cases is mandatory (Code 1923, § 8644); that, however, where no question is raised in the trial court respecting orders for special venire or fixing the day for trial, the transcript on appeal should not contain such matters not required to be shown by section 3249 of the Code, Supreme Court rule No. 27, vol. 4, Code 1923, p. 888. The court said:

"In this connection appellant insists that the provisions of section 8644, Code 1923, are mandatory, and cites the case of Morris v. State, 146 Ala. 66, 41 So. 274; also the case of Roan v. State, 225 Ala. 428, 143 So. 454. The orders required of the lower court in this connection are mandatory as held in innumerable decisions of the appellate courts of this state, but in this case there is no insistence that the court below failed in any manner to make and enter every necessary order provided for in section 8644 of the Code 1923; this contention is confined to the question only that such orders do not appear in the transcript of this appeal.

"The law now is, where no question was raised before the trial court as to the order of the court for the special venire, or as to fixing the day for the trial of defendant, the transcript on appeal should not contain such matters. In the absence of any such question, such proceedings are, upon appeal, presumed to have been regular and legal. Such are the express terms of the statute. Section 3249, Code 1923. See, also, Supreme Court Rule 27; Paitry v. State, 196 Ala. 598, 72 So. 36; Johnson v. State, 205 Ala. 665, 89 So. 55; Anderson v. State, 204 Ala. 476, 85 So. 789; Charley v. State, 204 Ala. 687, 87 So. 177; Vann v. State, 207 Ala. 152, 92 So. 182."

In view of the change in the statute (Gen. Acts 1915, p. 708)—its codification as section 3249 of the Code of 1923—it will not be necessary for us to do more than observe that the ruling in the Morris Case, 146 Ala. 66, 87, 41 So. 274, is not binding here; that is, the effect of the later decisions construing the amended statute (section 3249, Code 1923) and the application thereof (Cherry v. State, 214 Ala. 519, 108 So. 536; Shields v. State, 221 Ala. 321, 128 So. 786) is that, where the regularity of the order of the court for a special venire or fixing the day for trial of the defendant (and other classes embraced in the statute) is not challenged by the defendant in the trial court, the same need not be shown by the record proper, and may not be made available for the first time on appeal for review and reversal.

The record being examined, we find no error. It further and sufficiently shows the presence of the defendant in court and his representation by counsel, and presence at every step of the proceeding to verdict, judgment, sentence, and appeal.

The judgment of the circuit court is sufficient to adjudge defendant's guilt. Carmichael v. State, 213 Ala. 264, 104 So. 638; Cherry v. State, supra; Wilkinson v. State, 106 Ala. 23, 17 So. 458; Roberson v. State, 123 Ala. 55, 26 So. 645; 69 A. L. R. 793, 794, note.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.