192 So. 507

## BELL v. STATE.

I Div. 72.

Supreme Court of Alabama.

Dec. 14, 1939.

Peyton Norville, Jr., of Mobile, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

THOMAS, Justice.

The indictment and trial were for rape and resulted in a verdict of guilty and the fixing of the punishment by death.

The record proper shows due arraignment in the court by which the indictment was returned, appointment of counsel; the setting down of the case for trial; the drawing of a special venire; the order of service of venire and copy of indictment upon defendant and return thereof; the defendant's personal appearance and that of his counsel at each stage of the trial; and the trial was had and verdict duly returned against the defendant.

We have examined the record proper and find that no question for review is presented. Scott v. State, 228 Ala. 509, 154 So. 113; Cochran v. State, 231 Ala. 506, 165 So. 586.

The bill of exceptions presents objections and exceptions taken on the trial as to admission in evidence of testimony of experts as to blood stains and other physical facts connecting the defendant with the commission of the crime charged in the indictment. There was no error committed in the introduction of this evidence over the objection of defendant or in the declining of motions to exclude the same. Underwood v. State, 193 So. 155.

The written confession in evidence, which was introduced against defendant's objection, was voluntary and within the rule of competency that obtains. Canty v. State, ante, p. 384, 191 So. 260; Underwood v. State, supra.

It does not appear from the whole record that any prejudicial error was committed on the trial. Appellant's substantial rights were not affected. The judgment of the circuit court is affirmed.

The date of execution of this defendant having passed pending this appeal, it is ordered by this Court that Friday, the 23rd day of February, 1940, be and the same is hereby fixed as the day and date for the execution of such sentence in all respects as required by law and the orders of the trial court and of this court.

Affirmed.

Date of execution set for the 23rd day of February, 1940.

All the Justices concur, except KNIGHT, J., not sitting.